GATEWAY DRYWALL & DECORATING, INC., Plaintiff-Appellee, v. THE VILLAGE CONSTRUCTION COMPANY et al., Defendants-Appellants.— (STEPHENSON ROOFING CO. et al., Defendants.)—CHARLES RUTLEDGE GENERAL CONTRACTOR, INC., Plaintiff-Appellee, v. THE VILLAGE CONSTRUCTION COMPANY et al., Defendants-Appellants.—(GATEWAY DRYWALL & DECORATING, INC., Defendant-Appellee; STEPHENSON ROOFING CO. et al., Defendants.)

Fifth District    No. 78-437

Opinion filed August 31, 1979.—Rehearing denied September 26, 1979.

Ralph T. Stenger and William F. Kopis, both of Law Offices of Ralph T. Stenger, of Belleville, for appellants.

Kassly, Bone & Becker, P. C., of Belleville (Barry D. Dix, of counsel), for appellee Charles Rutledge General Contractor, Inc.

Glenn A. Altman, of Sterling and Altman, of Fairview Heights, for appellee Illinois Housing Development Authority.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308), this court has allowed defendants Village Construction Company, Village Associates and LaSalle National Bank to appeal from an interlocutory order of the circuit court of St. Clair County which denied defendants' application for stay of judicial proceedings pending arbitration in two consolidated actions for foreclosure on mechanic's liens. See Ill. Rev. Stat. 1977, ch. 10, pars. 102(a) and (d).

The sole issue on appeal is whether by their conduct these defendants have waived any contractual right to have the present claims and disputes decided by arbitration.

Defendant Village Construction Company was the general contractor responsible for the erection of an apartment complex known as St.

Clair Village under a general construction contract apparently executed in August of 1973 by it and defendant Village Associates as "owner" of certain property. It is unclear whether the defendant bank was an actual party to this contract, but it was definitely interested in the project by virtue of its relationship as trustee of a land trust in favor of Village Associates.

In its capacity as general contractor, Village Construction Company on November 12, 1973, entered into several written subcontracts for performance of individual portions of the work with various parties, including the two whose actions for foreclosure on mechanic's liens are involved here, Charles Rutledge General Contractor, Inc., and Gateway Drywall and Decorating, Inc. Under their respective subcontracts, Rutledge was obligated to provide certain carpentry services and Gateway was obligated to provide services with respect to construction and painting of drywalls. Both of these subcontracts were substantially identical in form and substance and provided for arbitration of disputes in article 13 of each subcontract in the following manner:

> "All claims, disputes and other matters in question arising out of, or relating to, this Contract, or the breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor except that a decision by the architect shall not be a condition precedent to arbitration."

General Condition 5(a) of the general contract provided for arbitration of disputes between the owner and contractor in pertinent part as follows:

> "5. Arbitration
>    (a) Between Parties
>        Parties agree that all disputes between them concerning matters arising out of the Contract and any other matters directly or indirectly concerning the Development and Work shall be arbitrated and decided by the Authority [1] pursuant to the Uniform Arbitration Act (Chapter 10, Section 101 et seq., Illinois Revised Statutes)."

Subcontractors Rutledge and Gateway thereafter performed work relating to their subcontracts. Gateway provided its last services to the project on March 9, 1976, and Rutledge apparently rendered its last services on August 9, 1973. On October 22, 1976, Gateway filed a complaint in the circuit court seeking judgment against Village Construction and foreclosure on a mechanic's lien in the claimed amount

---

[1] The "Authority" is the Illinois Housing Development Authority, who apparently as lender of construction funds maintained complete control over disbursement of funds according to the conditions of the general contract. The Authority was a named defendant in both of the present lien actions, but on appeal has adopted the nomenclature of appellee and adopted the brief of plaintiff Rutledge.

of $88,501 and interest thereon from March 9, 1976. Rutledge filed a similar complaint on July 1, 1977, claiming a mechanic's lien in the amount of $20,881.04. Both of these complaints named five other companies which were potential lien creditors as defendants in addition to the primary parties already mentioned. The cases were consolidated in the circuit court on August 17, 1977, and on August 25, 1977, defendant, Stephenson Roofing Company, filed an answer to the Rutledge complaint and a counterclaim action for a mechanic's lien against Village Construction similar to the primary actions.

All three defendants who brought this appeal filed separate answers to the Gateway and Rutledge complaints. With respect to Gateway's complaint of October 22, 1976, the bank responded first, filing an answer on December 22, 1976. Village Construction and Village Associates followed, filing answers on June 1, 1977. With respect to Rutledge's complaint of July 1, 1977, all three defendants filed answers on January 4, 1978. The answers of Village Construction and Village Associates claimed identical setoffs against Rutledge in a sum in excess of its demand by reason of Rutledge's alleged breach of contract and negligence. None of these answers contained any reference to the arbitration provisions contained in the subcontracts.

These defendants apparently participated thereafter in discovery to some extent. At least their counsel conceded at oral argument in this court that one deposition was taken for discovery purposes. Trial was eventually set for May 19, 1978; however, the cause was continued from that date as a result of a May 9 order of court granting defense counsel's motion to withdraw as attorney. A second trial date was apparently set, and on August 14, 1978, defendants' new attorney filed a motion for continuance which was denied. On August 15, 1978, the day after the continuance motion was denied, defendants filed the petition for stay of proceedings and order for arbitration. After conducting a hearing, the trial court on August 17, 1978, denied defendants' petition on the basis that defendants had waived the contractual provisions for arbitration of disputes. A motion for reconsideration was subsequently denied, and on October 10, 1978, the trial court on motion of defendants entered an order which contained the findings necessary to allow them to seek an appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308).

■■ It is well settled that a contractual right to arbitration can be waived like any other contract right (*People ex rel. Delisi Construction Co. v. Board of Education* (1975), 26 Ill. App. 3d 893, 326 N.E.2d 55) and that waiver must be deemed to have occurred when a party's conduct has been inconsistent with the arbitration clause so as to indicate that he has abandoned his right to avail himself of such right (*Applicolor, Inc. v.*

*Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168). The import of the *Applicolor* case is that a defendant's conduct is of such nature when he admits the existence of a contract for arbitration while submitting issues which are arbitrable under that contract to a court of law for decision.

It is defendants' contention that they did not submit an arbitrable issue to the trial court in this case within the meaning of *Applicolor* since they neither moved for summary judgment or judgment on the pleadings nor went to trial. We cannot agree.

While it is true that the court in *Applicolor* found that the defendants therein had submitted an arbitrable issue to the court and therefore waived their right to arbitration by making a motion for summary judgment, we cannot agree with defendants that the court limited the scope of what constitutes a submission of an arbitrable issue to the narrow parameters urged by them. We note that in *Applicolor* it was the defendants principal contention, based on a decision from another jurisdiction, that they had not waived their arbitration rights because "until they raised issues of fact by the filing of their answer, they were not called upon to make their election to arbitrate." (77 Ill. App. 2d 260, 264, 222 N.E.2d 168, 170.) The reviewing court commented on this contention later in the opinion, stating:

> "We are sure that defendants would concede, as they do inferentially, that if, instead of requesting summary judgment, they had submitted an issue of fact to the court, they would have waived their arbitration rights. In our view, they waived those rights just as effectively when they submitted an issue of law to the court * * *." 77 Ill. App. 2d 260, 267, 222 N.E.2d 168, 171.

It is our belief that the *Applicolor* court indicated by these comments that an arbitrable issue may in some circumstances be found to have been submitted to the court so as to waive a right to arbitration where a defendant has presented a factual issue to the court by filing an answer without asserting therein his right to arbitration. This view is supported by the recent opinion of the Illinois Appellate Court, First District, in *Epstein v. Yoder* (1979), 72 Ill. App. 3d 966, 391 N.E.2d 432, wherein the court found defendant had waived his contractual right to arbitration under the rule of *Applicolor* in the following language:

> "Here, defendant in his answer to the complaint admitted the existence of the joint venture agreement but generally denied the remaining allegations of the complaint and asked that it be dismissed. Then, after participating in discovery for two years, defendant for the first time in his response to the motion for summary judgment asserted that the issues raised by the complaint and his counterclaim were subject to his contractual right of

arbitration. We believe that this assertion came too late and, accordingly, that the trial court properly refused to dismiss the complaint for the failure of plaintiffs to first submit the dispute to arbitration. *Applicolor, Inc. v. Surface Combustion Corp.*" 72 Ill. App. 3d 966, 972, 391 N.E.2d 432, 437; see also Annot., 25 A.L.R.3d 1171, §20(a) (1969).

The facts of this case are even more compelling than those in *Epstein* and dictate that we hold that defendants have waived their contractual right to arbitration of these claims. In this case, the defendants filed answers to both the Rutledge and Gateway complaints admitting the existence of the subcontracts but denying the principal allegations of the complaints and asking that they be dismissed. Besides the factual issues formed by their denials, defendants submitted an additional factual issue which was arbitrable under the broad terms of the subcontracts' arbitration provision to the trial court through their answers in the form of their setoff claims based on Rutledge's alleged breach of contract and negligence. The instant cases were allowed to remain pending for 22 and 13 months respectively before defendants sought to assert their right to arbitration. During this time the cases were set for trial twice and would have been litigated to a conclusion but for the withdrawal of their counsel. We believe it is especially significant that defendants did not attempt to assert their right to arbitration until after their motion for continuance of the second trial date had been denied. Under these circumstances, defendants' assertion of the right to arbitration came too late, since their conduct in these actions was of such a character as to amount to a waiver of that right.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

G. MORAN and KUNCE, JJ., concur.