RICHARD M. BRENNAN, Plaintiff-Appellee, *v.* ANTHONY H. KENWICK *et al.*, Defendants-Appellants.

First District (4th Division)    No. 81-112

Opinion filed June 25, 1981.

Brown, Cook & Hanson, of Chicago, for appellants.

Phillip A. Battaglia, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is an interlocutory appeal brought by the defendants, Anthony N. Kenwick and Constance Kenwick, from an order of the trial court which stayed certain arbitration proceedings. The primary issue is whether the court improperly denied to the defendants their contractual right to arbitrate. The defendants also claim that the court erred in imposing sanctions against them for noncompliance with discovery orders.

On December 19, 1977, the plaintiff general contractor, Richard Brennan, filed suit against the defendants for the balance due under a construction contract. On January 20, 1978, defendants filed a motion to transfer venue to Will County. The motion was contested, and on September 7, 1978, the defendants filed a demand for arbitration pursuant to the following contract provision:

> "All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."

The defendants filed a motion to stay the legal proceedings pending arbitration. The plaintiff responded to this motion by arguing first, that

the defendants had waived their right to arbitration and second, that if arbitration were granted, the court should allow limited discovery and should decide all questions of law. On October 25, 1978, Judge Allen Hartman entered an order staying the legal proceedings pending arbitration. The order did not contain a ruling upon the second portion of the plaintiff's response, which requested among other things limited discovery before arbitration. The plaintiff notified the defendants that he would request a hearing on that portion of his response and, on December 19, 1978, Judge Paul Elward stayed the arbitration proceedings until that hearing could be conducted. The plaintiff's motion did not request a rehearing of the order entered by Judge Hartman on October 25, 1978, which stayed the legal proceedings pending arbitration. On April 18, 1979, Judge Elward ordered the defendants to submit themselves for discovery depositions.

The defendants resisted discovery and the plaintiff asked the court to impose sanctions. Judge Elward ordered the pleadings of the defendants to be stricken and entered judgment for the plaintiff in the full amount claimed. This order was vacated after the defendants submitted to discovery and paid $1000 in attorney's fees to the plaintiff's attorney.

On July 15, 1980, the defendants moved the court to vacate its order of December 19, 1978, which stayed the arbitration proceedings. Judge Elward, expressing the opinion that the defendants had waived their right to arbitration by not asserting it within a reasonable time, denied the motion. A motion for reconsideration was also denied.

The defendants contend that the trial court erred in refusing to vacate its stay of the arbitration proceedings. The plaintiff claims that the defendants waived their right to arbitration by contesting the venue of the legal proceedings and by failing to demand arbitration within a reasonable time as required by the contract.

■■ The defendants correctly maintain that arbitration is a favored method of settling disputes. The object of arbitration is to achieve a final disposition of disputes in an easier, more expeditious and less expensive manner than by litigation. (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1050, 392 N.E.2d 198, 201.) Nevertheless, a contractual right to arbitration can be waived like any other contract right. (*Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613.) Waiver will be found when a party's conduct has been inconsistent with the arbitration clause so as to indicate that he has abandoned his right to arbitrate. (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.) As noted in *Gateway*, "[t]he import of the *Applicolor* case is that a defendant's conduct [amounts to waiver] * * * when he admits the existence of a contract for arbitration while submitting issues which are arbitrable under that con-

tract to a court of law for decision." (*Gateway*, 76 Ill. App. 3d 812, 816, 395 N.E.2d 613, 616.) For example, waiver was found where the party requesting arbitration had initiated legal proceedings concerning arbitrable issues and had participated in a 6-day trial on the merits. (*Hilti, Inc. v. Griffith* (1978), 68 Ill. App. 3d 528, 386 N.E.2d 63.) Also, in *Epstein v. Yoder* (1979), 72 Ill. App. 3d 966, 391 N.E.2d 432, the court found waiver where the defendant filed an answer omitting any reference to arbitration, participated in discovery for two years, and first asserted his right to arbitration in a response to a motion for summary judgment. Similarly, in the *Gateway* case waiver was found where the defendants did not include a demand for arbitration in their answer, which contained setoff claims against the plaintiffs.

■■ In the case at bar, the only action taken by the defendants before asserting their right to arbitration was a challenge to the venue of the legal proceedings. An objection to venue must be asserted in the earliest defensive pleading or it will be waived. (Ill. Rev. Stat. 1979, ch. 110, par. 8(2).) The defendants never submitted an arbitrable issue to the trial court for decision as did the defendants in *Hilti* and *Gateway*. Nor did they participate extensively in the trial court proceedings, as did the defendant in *Epstein*. It therefore does not appear that the defendants' action in contesting venue was so inconsistent with their contractual right to arbitrate as to indicate an abandonment of that right.

■■ Neither do we believe that the defendants lost their right to arbitrate by failing to assert it until nine months after the lawsuit was filed. The plaintiff has not called to our attention any case in which the passage of so short a time was alone sufficient to constitute a waiver. In light of the fact that arbitration is an efficient, relatively inexpensive method of settling disputes, we do not believe that it should be lightly waived.

The defendants also challenge the propriety of the trial court's imposition of sanctions under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)). This rule provides that if a party fails to comply with any order entered under the discovery rules, the court may, in lieu of or in addition to other remedies, enter a default judgment against the offending party and order the offending party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct. In reliance on Rule 219(c), the trial court entered a default judgment against the defendants and provided that the judgment would be vacated on the condition that the defendants submit to discovery and pay $1000 to the plaintiff's attorney.

The defendants argue that the imposition of sanctions was improper for two reasons. First, the October 25, 1978, order directing the parties to arbitration was still in effect and discovery is not available in arbitration proceedings. Second, the attorneys for both parties agreed to postpone

discovery past the dates specified in the court orders. The trial court took the position that while the parties have flexibility in setting dates for compliance, once those dates are embodied in a court order they cannot be postponed without approval from the court.

■■■ Although the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 101 *et seq.*) does not provide for the type of discovery available in court proceedings, we believe that the defendants by their conduct acquiesced in the court orders regarding discovery. Ordinarily, the trial court's selection of sanctions for noncompliance with discovery orders will not be disturbed. (*Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 212 N.E.2d 723, *aff'd in part, rev'd in part* (1967), 37 Ill. 2d 48, 224 N.E.2d 827.) While we agree that sanctions were warranted, we feel that it was inappropriate for the trial court to award $1000 to the plaintiff's attorney where it appears that he was at least partially responsible for the defendants' noncompliance.

Accordingly, the judgment of the circuit court denying the motion to vacate its stay of the arbitration proceedings is reversed. The order awarding $1000 to the plaintiff's attorney is also reversed.

Reversed.

ROMITI, P. J., and LINN, J., concur.