STEVEN A. KOSTAKOS, Plaintiff-Appellant, v. KSN JOINT VENTURE NO. 1 *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—3228

Opinion filed March 31, 1986.

Donald L. Johnson and Kurt D. Baer, both of Chicago, for appellant.

Lurie, Sklar & Simon, Ltd., of Chicago (Mark C. Friedlander, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Steven A. Kostakos appeals from an order granting the motion of defendants William N. Nyman and Ronald S. Supena to compel arbitration and stay other proceedings. Plaintiff contends that defendants waived their right to compel arbitration, and that the trial court erred in staying all claims in this proceeding.

Plaintiff's amended complaint seeks to dissolve three entities: *Larkin Condominiums, Ltd.*, a limited partnership with two general partners (defendants Geoterra Development Company and Nyman) and four limited partners (defendants Timothy Yocum, Ralph Meuntzer, Charles Wilson and KSN Joint Venture No. 1); *KSN Joint Venture No. 1*, which has three joint venturers (plaintiff, Nyman and Supena) and owns certain property (Point West Condominiums in Joliet,

and the limited partnership share in Larkin); and *Geoterra Development Company*, a corporation in which plaintiff is a shareholder and director.

Larkin Condominiums was formed in 1980 by Nyman and Supena for the purpose of buying, renovating and converting an apartment project in Joliet to condominium ownership.

On December 16, 1980, plaintiff entered into an agreement with Nyman and Supena under which the three joint venturers became investors in, and limited partners of, Larkin. The KSN Joint Venture agreement contained an arbitration clause which reads:

"Arbitration. Any dispute arising out of or regarding this Agreement or the Property shall be determined by arbitration in the City of Chicago, Illinois, in accordance with the rules of the American Arbitration Association then in effect. The decision of the arbitrators shall be binding upon all of the parties, and judgment upon the award may be entered in any court having jurisdiction thereof."

In count I of his two-count complaint, filed August 25, 1983, plaintiff alleged that Nyman and Supena made false representations to him to induce him to become an investor in real estate projects and in Geoterra, to become a joint venturer in KSN, and to loan money to Larkin for the Point West project. Count II alleged that Nyman and Supena misapplied Geoterra's corporate assets.

During the next 15 months, defendants participated in discovery and filed various procedural motions, including: motion to quash service of summons; motion to dismiss for failure to join necessary parties; motion to dismiss for failure to plead properly; reply to petition to appoint receiver; request to admit facts; request to produce, motion for issuance of protective order; demand for bill of particulars; production of certain documents; and participation in depositions taken by plaintiff. In addition, in April 1984 defendants moved to dismiss for failure to attach a copy of the agreement at issue. In May 1984 plaintiff filed the agreement.

On November 9, 1984, defendants filed an answer which set up the arbitration clauses in the KSN agreement as an affirmative defense. On December 7, 1984, plaintiff moved to strike the affirmative defenses. This motion was never heard because on April 15, 1985, plaintiff was granted leave to file an amended complaint in six counts. In addition to the counts described above, count III requested imposition of a constructive trust because of defendants' misappropriation of partnership assets. Counts IV and V alleged fraud. Count VI was an action on promissory notes executed by Nyman and Supena in favor

of plaintiff, the proceeds of which were used by defendants to pay rehabilitation costs at Point West. On June 20, 1985, the court set a trial date of October 11, 1985.

On July 16, 1985, defendants filed a motion to compel arbitration and to stay all other proceedings. The trial court initially denied the motion, but on October 11, 1985, the trial court granted defendants' motion for rehearing and granted their motion to compel arbitration.

■■ Arbitration is a favored method of settling disputes in Illinois. (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439.) Waiver of the right to arbitrate, however, may occur when a party acts in a manner which is inconsistent with the arbitration clause, thus indicating abandonment of the right. (*Atlas v. 7101 Partnership* (1982), 109 Ill. App. 3d 236, 440 N.E.2d 381.) A party's conduct amounts to waiver when the party submits arbitrable issues to a court for decision. (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439; *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.) Illinois courts disfavor a finding of waiver. *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439.

■■■ We first look at defendant's acts to determine if they indicate defendants' abandonment of the right to arbitrate. Under various factual and procedural settings this court has held that: filing a motion for summary judgment constitutes waiver (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168); filing an answer without asserting the right to arbitrate constitutes waiver (*Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613; *Epstein v. Yoder* (1979), 72 Ill. App. 3d 966, 391 N.E.2d 432); filing two complaints and two motions for preliminary injunctions does not constitute waiver (*Atlas v. 7101 Partnership* (1982), 109 Ill. App. 3d 236, 440 N.E.2d 381); filing an answer including the affirmative defense of the arbitration agreement, along with a counterclaim in the alternative, does not constitute waiver (*Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 428 N.E.2d 608); and contesting venue does not constitute waiver (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439). In the present case, defendants filed an answer containing no counterclaims, and participated in numerous procedural motions and some discovery proceedings. They did not, however, submit any substantive questions to the court for determination. (See *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439.) The existence of a waiver is determined by the types of issues submitted, not by the number of papers filed with

the court. (See *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.) Additionally, defendants did not file interrogatories or take depositions, procedures not available in arbitration. They did subpoena documents, which is allowed in arbitration. We find that defendants' participation in the judicial forum was not so inconsistent with the contractual right to arbitrate as to indicate an abandonment of that right.

■ We must also look at any delay in defendants' assertion of their right to arbitrate, and any prejudice the delay caused plaintiff. (See *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 425 N.E.2d 439; *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613.) Initially, we note that plaintiff delayed nine months in submitting the KSN agreement as an exhibit to the complaint. Plaintiff also delayed in joining the necessary parties. Moreover, plaintiff delayed in filing an amended complaint with four new counts for five months after defendants filed the answer setting up the arbitration agreement as an affirmative defense. Defendants then delayed four months before filing a motion to compel arbitration. Thus, both parties contributed to the delays, and we cannot say as a matter of law that the trial court abused its discretion in finding that the delay caused by defendants did not constitute a waiver of the right to arbitrate.

The three cases relied upon by plaintiff are distinguishable. In *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613, defendant filed an answer which included counterclaims without asserting any right to arbitrate. In the present case, defendants' right to arbitrate was asserted in the answer and was the first motion heard after the amended complaint was filed by plaintiff. In *Epstein v. Yoder* (1979), 72 Ill. App. 3d 966, 391 N.E.2d 432, defendant filed an answer omitting any reference to arbitration, participated in discovery for two years, and finally asserted his arbitration rights for the first time in response to a motion for summary judgment. Again, here defendants raised their right to arbitration in their answer. In *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168, defendants waived their arbitration rights when they filed a motion for summary judgment. In the present case, defendants have not submitted any substantive issues to the trial court.

Furthermore, we note that the KSN agreement provided that arbitration shall be set in accordance with the rules of the American Arbitration Association. Those rules include rule 47 which states: " 'No judicial proceedings by a party relating to the subject matter of the

arbitration shall be deemed a waiver of the party's right to arbitrate.' " (See *Atlas v. 7101 Partnership* (1982), 109 Ill. App. 3d 236, 241, 440 N.E.2d 381; *People ex rel. Delisi Construction Co. v. Board of Education* (1975), 26 Ill. App. 3d 893, 326 N.E.2d 55.) The inclusion of rule 47 indicates the parties' intention to favor arbitration and we will not lightly waive this right to arbitration.

▆ Plaintiff also contends that the trial court erred in staying all claims pending arbitration. Under section 2(d) of the Arbitration Act, any action involving an issue subject to arbitration shall be stayed pending arbitration, or if the issue is severable, the stay may be with respect to arbitrable issues only. (Ill. Rev. Stat. 1983, ch. 10, par. 102(d).) Whether a claim is arbitrable on its face is initially for the court to decide. (*Lehman v. Matanky & Associates, Inc.* (1982), 107 Ill. App. 3d 985, 438 N.E.2d 614.) Whether one or more claims in the action shall be stayed is within the court's discretion, and absent an abuse of the court's discretion, its decision will not be set aside. (*Kelso-Burnett Co. v. Zeus Development Corp.* (1982), 107 Ill. App. 3d 34, 437 N.E.2d 26.) Where the arbitrable and nonarbitrable issues, although severable, are also interrelated in terms of a complete resolution of the dispute, the trial court may exercise its discretion and stay the entire proceeding pending arbitration. (See *Kelso-Burnett Co. v. Zeus Development Corp.* (1982), 107 Ill. App. 3d 34, 437 N.E.2d 26; *Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 374 N.E.2d 1086.) Moreover, where the issues and relationships are sufficiently interrelated and the result of arbitration may be to eliminate the need for court proceedings, then the goals of judicial economy and of resolving disputes outside of the judicial forum are met. (See *J&K Cement Construction, Inc. v. Montalbano Builders* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.) Moreover, the policy favoring arbitration will not be ignored simply because multiple parties and claims are present. *J&K Cement Construction, Inc. v. Montalbano Builders* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.

▆ In the present case, the language of the arbitration clause is very broad, encompassing all disputes "arising out of or regarding this Agreement or the Property ***." Whether "property" is defined as the Larkin partnership share owned by KSN, or the actual real estate at Point West, the trial court could properly find each claim is sufficiently related, on its face, to the property or to the agreement to require a stay of the entire proceeding pending arbitration. From the broad wording used, we believe the parties intended to resolve all types of disagreement pertaining to the KSN Joint Venture, including its involvement in Larkin and Point West. Parties often use broad lan-

guage in arbitration agreements because all claims are not foreseeable, and thus cannot be expressly specified in the agreement. See *J&K Cement Construction, Inc. v. Montalbano Builders* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.

Examination of each count in the amended complaint further evidences the propriety of the trial court's exercise of discretion in staying the entire proceeding pending arbitration. Count I relates to the KSN agreement because it charges defendants with fraudulently inducing plaintiff to enter into the agreement and, through KSN, to invest in Point West. (See *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.* (1967), 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801.) On its face, count II also relates to the KSN agreement. The agreement states that the purpose of the KSN Joint Venture is to own the limited partnership shares in Larkin. Larkin was formed for the purpose of developing Point West. Geoterra is a general partner of Larkin, and plaintiff claims to be a limited partner of Larkin through his involvement in the joint venture, and plaintiff seeks to dissolve KSN, Larkin and Geoterra. Count II charges defendants with misapplying Geoterra corporate assets. In arbitrating the issues revolving around the dissolution of KSN, it would be difficult to say that the issues revolving around Geoterra and Larkin are not sufficiently interrelated so as to permit a stay of this claim.

In count III, defendants are charged with misappropriating partnership assets. On its face, the claim is arbitrable because plaintiff contends that he is a partner in KSN and, through KSN, in Larkin. Thus, whichever partnership plaintiff is referring to in count III, the assets are ultimately released to the KSN Joint Venture and thus the claim is arbitrable. Counts IV and V charge defendants with fraud in concealing information about Point West. Again, the KSN Joint Venture's purpose was to invest in Larkin, and Larkin's purpose was to develop Point West. Thus, on its face, a claim charging fraudulent inducement to invest in Point West is related to the agreement and is arbitrable. Count VI is an action on promissory notes where the money was invested in Point West, the property owned by KSN through their limited partnership share in Larkin. Again, on its face the claim is arbitrable under the KSN agreement.

Merely because these parties have created a chain of complicated and intertwined legal relationships on paper does not alter the basic fact that three men agreed to arbitrate all claims relating to their joint venture, and that the joint venture's purpose was to convert an apartment complex into condominiums. The charges of fraud, requests for a complete accounting, demand for payment on monies loaned,

540

and misappropriation of funds all relate to that one apartment complex. One claim cannot be resolved without affecting the other claims, perhaps even negating the need for any action in a judicial forum subsequent to the arbitration proceeding.

We hold therefore that the trial court properly exercised its discretion in staying the entire proceeding pending arbitration, in an attempt to achieve a complete resolution of the dispute.

For the foregoing reasons, the judgment of the circuit court of Cook County granting defendants' motion to compel arbitration and staying all other proceedings pending arbitration is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.