FIFTH DIVISION

          March 16, 2001

No. 1-00-3108

SCHROEDER MURCHIE LAYA ASSOCIATES, LTD., )

) Appeal from the

Plaintiff and Counterdefendant-Appellant, ) Circuit Court of

) Cook County.

) 

) 

1000 WEST LOFTS, LLC, a/k/a 1000 West ) No. 99 CH 08572

Washington Lofts, LLC; LASALLE NATIONAL )

BANK, as Trustee u/t/n 119270, and as Trustee ) 

u/t/n 119267, ) Transferred to

Defendants, ) Municipal

) 

(1000 West Lofts, LLC, a/k/a 1000 West )

Washington Lofts, LLC, ) Honorable

) John G. Laurie,

Counterplaintiff-Appellee). ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Schroeder Murchie Laya Associates, Ltd. (SML), brought the underlying action on November 18, 1999, seeking payment for work performed under a contract it had with defendant 1000 West Lofts, LLC (1000 West).  In response, 1000 West filed a motion to compel arbitration and stay court proceedings pursuant to an arbitration clause in the contract and under the Illinois Uniform Arbitration Act (Act) (710 ILCS 5/1 
et seq.
 (West 1998)).  On January 20, 2000, the trial court granted 1000 West's motion to compel arbitration and entered an order dismissing the case without prejudice, but allowed for its reinstatement if within 90 days an arbitration had not been filed.  After the 90 days, neither party filed a demand for arbitration, and the trial court reinstated the case.

After the case was reinstated, 1000 West filed its answer, affirmative defenses, and a counterclaim to SML's first amended complaint.  The counterclaim raised the following issues: (1) breach of contract; (2) professional negligence; and (3) contribution and implied indemnity.  In response to the counterclaim, SML moved to compel arbitration and stay proceedings in the trial court.  1000 West opposed the motion and asserted that SML had waived its contractual right to arbitrate when it initiated the action in the circuit court and opposed 1000 West's previous motion to compel arbitration.  After hearing argument, the trial court denied the motion.  Plaintiff has appealed.  For the reasons that follow, we affirm.

In September of 1994, SML entered into a contract with 1000 West to provide architectural design, construction administration, and construction supervisory services for the renovation and development of residential loft condominiums located at 1000 West Washington Street in Chicago.  When a dispute arose between the parties, SML filed a mechanics lien against the condominium development.  Subsequently, it filed a complaint in the circuit court of Cook County seeking to foreclose its mechanics lien claim (count I).  In its original complaint, SML asserted additional claims against 1000 West and the individual condominium unit owners based on a breach of contract (count II) and unjust enrichment (count III).  On October 22, 1999, it voluntarily dismissed its complaint as to the individual unit owners.  The case was then transferred from the chancery division to the municipal division.  On November 16, 1999, SML filed its first amended complaint against 1000 West seeking to enforce the terms of the contract between the parties.

On January 5, 2000, 1000 West filed a motion to stay the judicial proceedings and compel arbitration.  SML filed a brief in opposition to the motion, claiming that the request for arbitration was untimely.  On January 20, 2000, the trial court dismissed the case without prejudice and granted leave to reinstate the matter if arbitration was not scheduled in 90 days.  On April 20, 2000, SML filed a motion with the circuit court seeking to reinstate the case.  On May 3, 2000, the court entered an order granting SML's motion to reinstate the case.  1000 West filed its answer, affirmative defenses, and counterclaim to the first amended complaint on May 17, 2000.  In its counterclaim, 1000 West seeks damages against SML based upon breach of contract (count I), professional negligence (count II), and contribution and implied indemnity (count III).

In the counterclaim, 1000 West claimed in count I that SML failed to design the structural, mechanical and electrical systems and specify the required materials in accordance with the applicable building codes, and that SML failed to properly supervise the construction phase of the project pursuant to the contract.  In count II, 1000 West alleged that SML breached a duty owed to 1000 West to use reasonable care in supervising the construction phase of the development and that SML failed to design the development in accordance to applicable building codes.  In count III, 1000 West sought contribution and indemnity against SML to the extent that 1000 West is determined to be liable to the board of managers of the 1000 West Lofts Condominium Association.

In response to the counterclaim, on July 26, 2000, SML switched its prior position and moved to compel arbitration and stay proceedings in the trial court pursuant to the contract.  On August 16, 2000, 1000 West filed its response in opposition to SML's motion to compel arbitration on the basis that SML had waived its right to arbitrate the dispute.  On August 17, 2000, the trial court entered an order denying SML's motion to compel arbitration. SML has not sought a stay of the order pending appeal.

Initially, the parties disagree as to the applicable standard of review regarding the court's 

decision to deny SML's motion to compel arbitration.  At first glance, it appears that both arguments have merit.  1000 West claims that a motion to compel arbitration is akin to a prayer for injunctive relief and that the grant or denial of such a motion is reviewable as an interlocutory appeal under Supreme Court Rule 307(a)(1).  Official Reports Advance Sheet No. 16 (August 9, 2000), R. 307(a)(1), eff. July 6, 2000.  Recently, we noted that "[t]he only issue before the court on interlocutory appeal of a trial court's order granting a motion to compel arbitration is whether there is a sufficient showing to sustain the trial court's order.  
Amalgamated
 [
Transit Union, Local 900 v. Suburban Bus Division of the Regional Transportation Authority
], 262 Ill. App. 3d [334,] at 337 (1994); 
Barter Exchange, Inc. v. Barter Exchange, Inc.
, 238 Ill. App. 3d 187 (1992).  Thus, the standard of review in an interlocutory appeal generally is whether the trial court abused its discretion in granting or denying the requested relief."  
Bishop v. We Care Hair Development Corp.
, 316 Ill. App. 3d 1182, 1189 (2000).  

In making its argument for a 
de novo
 standard of review, however, SML notes that the trial court entered the order at issue without holding an evidentiary hearing and without making any factual findings.  Accordingly, it claims, the trial court's denial of SML's motion was made as a matter of law and is reviewable by this court without any deference to the trial court.  See  
Amalgamated
, 262 Ill. App. 3d at 337.  In 
Amalgamated
, this court specifically stated, "[t]he trial court determined this case without evidentiary hearings and without making any findings as to any factual issues.  Accordingly, the trial court's finding that the grievance at issue was arbitrable was made as a matter of law and is reviewable 
de novo
."  
Amalgamated
, 262 Ill. App. 3d at 337, citing 
Manella v. First National Bank & Trust Co.
, 173 Ill. App. 3d 436, 442 (1988).

In its motion to compel arbitration and stay proceedings, SML included four pages of argument why its motion should be granted.  In sum, it claimed that the issues raised by 1000 West's counterclaim "were not resolved through prior negotiations" and consequently, "under the language of Sections 7 and 12 [of the 1000 West–SML contract], both Schroeder and 1000 West are bound to arbitrate the issues raised in the counterclaim."  In other words, it claimed the Act mandated the trial court to enter such an order compelling the arbitration of the claims asserted by 1000 West against SML.

1000 West, conversely, included four pages of argument in opposition to plaintiff's motion to compel.  In short, it claimed that SML waived its right to seek arbitration of the counterclaims because: (1) it filed the underlying complaint in the circuit court; (2) it engaged in discovery at the trial court level; (3) it opposed 1000 West's earlier attempts to compel arbitration; (4) it failed to file for arbitration when the case was previously dismissed on 1000 West's motion; and (5) it then moved to reinstate the case in the circuit court.

On August 17, 2000, after the trial court heard arguments on this issue and reviewed each party's submissions, it entered an order denying SML's motion.  Unfortunately, appellant did not include a transcript of proceedings, and the trial court's order denying SML's motion to compel does not explain the court's reasoning.  However, given the focus of each party's submissions, we can easily infer that the trial court found that SML had waived its right to arbitrate.  In any case, it is uncontested that the trial court did not engage in an evidentiary hearing or decide the merits of the action.  Because of this, SML asserts that, where the facts of the case are undisputed and only the trial court's legal conclusions are at issue, review on appeal is 
de novo
.  
Hawrelak v. Marine Bank, Springfield
, 316 Ill. App. 3d 175 (2000).  Indeed, "‛[i]n ruling on a motion for such relief, controverted facts or the merits of the case 
are not decided
.'" (Emphasis in original.)  
Dixon Ass'n for Retarded Citizens v. Thompson
, 91 Ill. 2d 518, 524 (1982), quoting 
City of Chicago v. Airline Canteen Service, Inc.
, 64 Ill. App. 3d 417, 432-33 (1978).

However, such an assertion ignores the fact that the trial court must necessarily engage in a factual inquiry to determine if a party's actions constitute waiver, something which would have nothing to do with deciding the merits of the case.  It also ignores settled case law which states that, under Rule 307(a)(1), a motion to compel arbitration is a prayer for injunctive relief that is treated like a preliminary injunction or a restraining order, and that the grant or denial of such a motion is reviewable as an interlocutory appeal.  Mindful that "the scope of review in an interlocutory appeal is normally limited to determining whether the trial court abused its discretion in granting or refusing the requested interlocutory relief" (
Jacob v. C & M Video, Inc.
, 248 Ill. App. 3d 654, 664 (1993)), this court has held that a motion to compel is also subject to the same deferential standard.  Expounding upon the reviewing court's obligations, the 
Jacob
 court stated:

"‛"In reviewing the discretion exercised by the trial court, an appellate court may decide only whether the petitioner has demonstrated a 
prima facie
 case that there is a fair question as to the existence of the rights claimed; that the circumstances lead to a reasonable belief that they probably will be entitled to the relief sought, if the evidence sustains the allegations of the petition; and that matters should be kept in 
status quo
 until the case can be decided on its merits.  In sum, the only question before us is whether there was a sufficient showing to sustain the order of the trial court."' (Emphasis in original.) [Citation.]"  
Jacob
, 248 Ill. App. 3d at 664.

 
See also 
Bishop
, 316 Ill. App. 3d at 1189; 
Yandell v. Church Mutual Insurance Co.
, 274 Ill. App. 3d 828, 831 (1995); 
Zurich Insurance Co. v. Raymark Industries, Inc.
, 213 Ill. App. 3d 591, 594 (1991).

Instructive on the issue of which standard of review to apply is the solution derived by the Second Circuit Court of Appeals.   In 
Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.
, 67 F.3d 20, 25 (2d Cir. 1995), the court stated, "[t]he question of whether a party's pretrial conduct amounts to waiver of arbitration is a purely legal one, and our review of this issue is
 de novo
. [Citations.]  The factual determinations upon which a district court predicates its finding of waiver, nonetheless, are ordinarily not reversed unless they are clearly erroneous [a more deferential standard]."  In later adopting this solution, the Seventh Circuit Court of Appeals stated:

"This statement properly reflects that there is both a factual and a legal dimension to the waiver inquiry.  On the whole, the facts are what matter, because the district courts must make an inquiry into the totality of the circumstances that led to the alleged waiver.  Nevertheless, the court will undertake this inquiry with the background legal rules in mind – both private rules derived from the agreement to arbitrate, and any applicable statutes or common law rules that apply.  Legal presumptions also play a role in evaluating the consequences of parties' actions. 

*** Here, we will therefore review deferentially the district court's findings about the steps the [defendants] took."  
Iowa Grain Co. v. Brown
, 171 F.3d 504, 509 (7th Cir. 1999).

As such, we adhere to the abuse of discretion standard espoused in 
Jacob
, 
Bishop
, 
Yandell
, and 
Zurich Insurance Co.
 and decline to follow that of 
Amalgamated
.  

We must next decide whether there is a sufficient showing to sustain the trial court's order. SML first argues that the trial court erred in denying its motion because its sole task in

ruling on the motion was to determine whether an arbitration agreement existed.  It claims, "[t]here is no dispute that the parties signed an arbitration agreement that covered the issues raised by the Counterclaim.  Section 2(a) of the Illinois Uniform Arbitration Act provides that, if a party presents a provision in a written contract showing an agreement to arbitrate a dispute, ‛the court shall order the parties to proceed with arbitration.'  710 ILCS 5/2(a) (West 1998).  By its terms the Act leaves no room for the exercise of discretion." 

To support this contention, SML cites to several federal cases that indicate that the Act leaves no room for the exercise of discretion by a district court, but instead mandates the district court to proceed directly to arbitration on issues as to which an arbitration agreement has been signed.  See 
Northern Illinois Gas Co. v. Airco Industrial Gases
, 676 F.2d 270, 275 (7th Cir. 1982); 
Galt v. Libbey-Owens-Ford Glass Co.
, 376 F.2d 711, 716 (7th Cir. 1967); 
Air Frieght Services, Inc. v. Air Cargo Transport, Inc.
, 919 F. Supp. 321, 324 (N.D. Ill. 1996).  It concludes with a citation to the Illinois Supreme Court's holding in 
Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. IKO Chicago, Inc.
, 183 Ill. 2d 66 (1998).  There, the court held that "[b]ased on the plain language of the [Act], [the architectural contractor] is correct that at a hearing to stay a judicial proceeding and to compel arbitration, the trial court should concern itself solely with whether an agreement exists to arbitrate the dispute in question."  
Courtyards
, 183 Ill. 2d at 70-71.

1000 West correctly responds that section 2(a) of the Act, by its own terms, also contemplates holding a summary proceeding when "the opposing party denies the existence of an agreement to arbitrate."  Further, it gives the well-settled rule that a contractual right to arbitrate can be waived like any other contractual right.  
Yates v. Doctor's Associates, Inc.
, 193 Ill. App. 3d 431, 439 (1990).  As previously noted, 1000 West did not challenge the existence of the arbitration agreement, the timeliness of the motion, or the arbitrability of the claims at issue.  However, it did argue that SML waived any right to compel arbitration of the counterclaim based on its prior actions which were inconsistent with its right to arbitrate.  Consequently, in holding its summary proceeding on August 17, 2000, the court clearly had discretion to determine whether SML's prior actions constituted waiver of its right to compel arbitration of the counterclaim.

SML's second and last contention on appeal is that it simply did not waive its right to arbitrate.  Illinois courts favor using arbitration as a method of settling disputes.  
Burnett v. Safeco Insurance Co.
, 227 Ill. App. 3d 167, 179 (1992).  And while a contractual right to arbitrate can be waived just like any other contractual right, the courts disfavor a finding that a party has waived its right to arbitrate.  
Kostakos v. KSN Joint Venture No. 1
, 142 Ill. App. 3d 533, 536 (1986).  Under the supreme court's decision in 
Courtyards
, Illinois' public policy concerns that favor arbitration outweigh concerns regarding judicial economy, duplication of effort, or possibly inconsistent results.  
Courtyards
, 183 Ill. 2d at 76-77.

SML observes that a contractual right to arbitrate can be waived only when a party's conduct is found to be inconsistent with the arbitration clause, thereby indicating that it had abandoned its right.  
City of Centralia v. Natkin & Co.
, 257 Ill. App. 3d 993, 996 (1994).  SML notes a number of cases that have held that such actions as moving for summary judgment, answering without asserting the right to arbitrate, or instituting legal proceedings and participating in a trial on the merits constitute waiver (
Gateway Drywall & Decorating, Inc. v. Village Construction Co.
, 76 Ill. App. 3d 812, 815 (1979); 
Hilti, Inc. v. Griffith
, 68 Ill. App. 3d 528 (1978); 
Applicolor, Inc. v. Surface Combustion Corp.
, 7 Ill. App. 2d 260, 267 (1966)).  It also notes cases where a party was not found to have waived its rights where it filed a complaint, contested venue, or answered and included the affirmative defense of the arbitration agreement, along with a counterclaim in the alternative (
Kostakos
, 142 Ill. App. 3d at 536; 
Atlas v. 7101 Partnership
, 109 Ill. App. 3d 236 (1982); 
Kessler, Merci & Lochner, Inc. v. Pioneer Bank & Trust Co.
, 101 Ill. App. 3d 502 (1981); 
Brennan v. Kenwick
, 97 Ill. App. 3d 1040 (1981)).

SML argues that 
Kostakos
 is directly on point.  In that case, plaintiff, a joint venturer, sought to dissolve a joint venture agreement entered into with two other entities.  The joint venture agreement contained a clause to arbitrate any disputes.  
Kostakos
, 142 Ill. App. 3d at 533.  Plaintiff filed his complaint alleging various causes of action, and for the next 15 months, defendants participated in discovery and filed numerous procedural motions.  
Kostakos
, 142 Ill. App. 3d at 535.  Almost 15 months after the date of the complaint, defendants gave their answer and raised their contractual right to arbitrate as an affirmative defense.  Seven months later, the court set the case for trial, and the defendants brought a motion to compel arbitration and stay court proceedings.  
Kostakos
, 142 Ill. App. 3d at 536.  In response, the plaintiff
 opposed the defendants' motion, claiming that they waived their right to arbitrate by participating in the lawsuit in a way that was inconsistent with their contractual rights.  
Kostakos
, 142 Ill. App. 3d at 535.  The court granted defendants' motion.

On appeal, this court affirmed and held that the defendants' participation on the judicial proceedings was not so inconsistent with their contractual right to arbitrate as to indicate an abandonment of that right.  
Kostakos
, 142 Ill. App. 3d at 537.  The court stressed:

"In the present case, defendants filed an answer containing no counterclaims, and participated in numerous procedural motions and some discovery proceedings.  They did not, however, submit any substantive questions to the court for determination.*** The existence of a waiver is determined by the types of issues submitted, not by the number of papers filed with the court."  
Kostakos
, 142 Ill. App. 3d at 536-37.

In conclusion, the court reasoned that "because these parties created a chain of complicated and intertwined legal relationships on paper does not alter the basic fact that [the parties] agreed to arbitrate all claims relating to their joint venture."  
Kostakos
, 142 Ill. App. 3d at 539.

Like the defendants in 
Kostakos
, SML argues that it acted consistently with its rights under the contract.  In so arguing, SML encourages us to recognize 1000 West's counterclaim as "raising new, intricate and complicated design defect claims against SML, and [seeking] damages of as much as $1,500,000.00."  It continues, "[t]he counterclaim was not merely an action seeking a set off to the damages sought by SML in its collection action, but a claim which raised new allegations of design malpractice and triggered insurance coverage.  As such, in accordance with the contract language, and SML and 1000 West's agreement to arbitrate therein, SML promptly filed its motion to compel arbitration."  It concludes that because (1) it did not submit any substantive issues to the trial court, such as filing a motion for summary judgment; (2) Illinois law and public policy favor the right to arbitrate; and (3) SML immediately responded to 1000 West's counterclaim with a motion to compel arbitration, it may have abandoned its right to have the issues in its own complaint arbitrated, but has not waived such a right with respect to the new claims raised in the counterclaim.    

1000 West responds that SML was aware of the arbitration agreement, yet chose to file the underlying complaint in the trial court.  It claims even if SML was not aware of the arbitration agreement prior to filing, it was put on notice when 1000 West filed its motion to compel.  Even more telling, SML opposed 1000 West's previous attempt to compel arbitration and subsequently moved to reinstate the case in the trial court 90 days after the case was dismissed -- without filing for arbitration themselves.  All of this, 1000 West argues, amounts to actions on the part of SML that are inconsistent with a party that wishes to retain its right to arbitrate.

In addressing SML's reliance on 
Kostakos
, 1000 West notes that it was the defendants who moved to compel arbitration of the complaint, not the plaintiff who selected the litigation forum.  
Kostakos
, 142 Ill. App. 3d at 536.   In fact, the only case that SML cites where the plaintiff filing the suit was the one to move to compel arbitration was 
Atlas v. 7101 Partnership
, 109 Ill. App. 3d 236 (1982).  In that case, this court stated that plaintiff may have waived its right to arbitration, yet never decided the issue because another party had moved to compel arbitration.  
Atlas
, 109 Ill. App. 3d at 241.

Both parties agree that, in determining whether a party has waived its contractual right to arbitrate, the crucial inquiry is whether the party has acted inconsistently with its right to arbitrate.  
State Farm Mutual Automobile Insurance Co. v. George Hyman Construction Co.
, 306 Ill. App. 3d 874, 883 (1999).  Further, "[a] party's conduct amounts to waiver when the party admits an arbitration agreement exists, yet submits issues that are arbitrable under the contract to a court for decision."  
Hyman
, 306 Ill. App. 3d at 885.

We agree with 1000 West that our previous decision in 
Yates
 is directly on point.  In that case, we found that defendants had waived their right to compel arbitration of an underlying lawsuit by filing separate forcible entry and detainer actions against the plaintiffs while their motion to compel arbitration was pending. 
Yates
, 193 Ill. App. 3d at 439-40.  In denying the defendants' motion to compel, we held that the action filed by the plaintiffs and the forcible entry and detainer actions filed by the defendants arose out of the same dispute and required consideration of many of the same issues.  
Yates
, 193 Ill. App. 3d at 440.  Consequently, by submitting arbitrable issues for judicial determination, their participation in the legal forum was inconsistent with their contractual right and constituted an abandonment of that right.  
Yates
, 193 Ill. App. 3d at 440.  Likewise, the complaint filed by SML and the counterclaim filed by 1000 West arose out of the same contractual dispute, involve the same project and the same parties, and will likely involve consideration of the same issues.

Mindful of the deference that this court is to grant the trial court, we affirm its decision to deny SML's motion to compel arbitration.  As SML itself points out, there are cases that have found a party to have waived its right to arbitrate simply because it instituted a legal proceeding.  See 
Hilti, Inc. v. Griffith
, 68 Ill. App. 3d 528 (1978).  Here, however, SML engaged in discovery at the trial court level; it opposed 1000 West's earlier attempts to compel arbitration; it failed to file for arbitration when the case was previously dismissed on 1000 West's motion; and it then moved to reinstate the case in the circuit court.  None of these actions are consistent with those of a party intent on retaining a right to arbitrate and, therefore, constitute a sufficient showing to sustain the trial court's order.

However, even if we found they were not, we also reject SML's attempt to separate the issues of the underlying complaint from those in the counterclaim.  SML's initial action was to seek payment for services rendered.  The counterclaim, in three counts, directly addresses the reasoning why 1000 West did not pay for the services rendered and alleges that it was SML which in fact breached the contract. As previously stated, we find that both claims clearly arose from the same dispute and would require consideration of the same issues between the same parties.  Because the issues are so closely linked, we hold that a party that wishes to give up its right to arbitrate some of the contractually arbitrable issues in 
its
 complaint has also given up its right to arbitrate similar contractually arbitrable issues raised by the other party.  SML's prior attempt to block arbitration of those initial issues makes its plea to Illinois' public policy all the more disingenuous.  In short, parties should be careful of what they wish for – they might actually end up getting it.

For the foregoing reasons, we affirm the trial court's denial of plaintiff's motion to compel arbitration and stay proceedings.

Affirmed.

QUINN, P.J., and REID, J., concur.