# Illinois Official Reports

## Appellate Court

---

### *Hayes v. Victory Centre of Melrose Park SLF, Inc.*, 2017 IL App (1st) 162207

---

| | |
|---|---|
| Appellate Court Caption | SHIRLEY HAYES, Independent Administrator of the Estate of Ann Sanders, Deceased, Plaintiff-Appellee, v. VICTORY CENTRE OF MELROSE PARK SLF, INC., and VICTORY CENTRE OF RIVER WOODS, LLC, Defendants (Victory Centre of River Woods, LLC, Defendant-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-2207 |
| Rule 23 order filed<br>Motion to publish allowed<br>Opinion filed | June 30, 2017<br><br>October 20, 2017<br>November 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-5263; the Hon. Larry G. Axelrood, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | John A. Krivicich, Karen Kies DeGrand, and Matthew D. Anderson, of Donohue Brown Mathewson & Smyth, LLC, of Chicago, for appellant.<br><br>No brief filed for appellee. |

Panel             JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Reyes and Justice Gordon concurred in the judgment and opinion.

**OPINION**

¶ 1       Pursuant to Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2016), the defendant, Victory Centre of River Woods, LLC, appeals the order of the circuit court of Cook County denying its motion to stay the wrongful death claim pending arbitration of the survival and family expense claims raised in the plaintiff's complaint. The plaintiff did not file a responsive brief, and we entered an order taking the appeal for consideration on the record on appeal and the defendant's brief only.

¶ 2       On appeal, the defendant contends that the circuit court erred when it denied the stay. For the reasons set forth below, we reverse the circuit court's order denying the stay.

¶ 3                                    BACKGROUND

¶ 4       The following facts are relevant to the resolution of this appeal. On March 1, 2013, Ann Sanders entered into a residence agreement with the defendant, a licensed supportive living facility. Pursuant to an addendum to the residence agreement, the parties agreed that all claims arising out of that agreement, including those of malpractice, could not be brought in a court of law but were to be submitted to binding arbitration. Subsequently, Mrs. Sanders, who suffered from diabetes, suffered a diabetic shock and lapsed into a diabetic coma. She was transferred to Gottlieb Hospital where she died on May 21, 2013.

¶ 5       On May 21, 2015, the plaintiff, Shirley Hayes, independent administrator of the estate of Ann Sanders, deceased, filed a complaint against the defendant and Victory Centre of Melrose Park SLF, Inc., alleging negligence and seeking damages in connection with the death of Mrs. Sanders.[1] In the complaint, the plaintiff alleged that Mrs. Sanders's death was due to the negligence of the defendant. The plaintiff sought compensation pursuant to the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2014)), the Rights of Married Persons Act (750 ILCS 65/15 (West 2014)) (commonly known as the Family Expense Act), and the Survival Act (755 ILCS 5/27-6 (West 2014)).

¶ 6       The defendant filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2014)). The defendant maintained that the addendum to the residence agreement required that the family expense and survival claims be submitted to binding arbitration for resolution and requested that those claims be dismissed from the complaint. The defendant further requested that the wrongful death claim be stayed until the conclusion of arbitration proceedings. In response, the plaintiff maintained that the arbitration provisions were unenforceable but, assuming they were, the court should proceed first on the wrongful death claim.

---

[1]Defendant Victory Centre of Melrose Park SLF, Inc., was dismissed by agreement of the parties.

¶ 7    The circuit court ruled that the family expense and survival claims were subject to binding arbitration. The court dismissed those claims but denied the motion to stay the wrongful death proceedings. This appeal followed.

¶ 8                                ANALYSIS

¶ 9    The sole issue on appeal is whether the circuit court erred in denying the defendant's request to stay the proceedings on the plaintiff's wrongful death claim pending the outcome of the arbitration proceedings.

¶ 10                          I. Standard of Review

¶ 11    Normally, in an interlocutory appeal from a ruling on a motion to stay proceedings, the circuit court's decision is reviewed under the abuse of discretion standard. *Certain Underwriters at Lloyd's, London v. Boeing Co.*, 385 Ill. App. 3d 23, 36 (2008). In this case, the facts at issue are not in dispute, and the circuit court made no findings in denying the stay. Therefore the decision to deny the stay is reviewable *de novo*. See *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 496 (2002) (the appellate court reviewed the denial of the motion to compel arbitration *de novo* where the facts were not in dispute and the circuit court made no factual findings).

¶ 12                            II. Discussion

¶ 13    Section 2(d) of the Uniform Arbitration Act (Uniform Act) (710 ILCS 5/2(d) (West 2014)) provides in pertinent part that "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration *** has been made under this Section or, if the issue is severable, the stay may be with respect thereto only." "Policies favoring arbitration support a stay of all court proceedings pending arbitration 'where the arbitrable and nonarbitrable issues, although severable, are also interrelated in terms of a complete resolution of the cause between the parties.' " *Casablanca Trax, Inc. v. Trax Records, Inc.*, 383 Ill. App. 3d 183, 189 (2008) (quoting *Kelso-Burnett Co. v. Zeus Development Corp.*, 107 Ill. App. 3d 34, 41 (1982)). "[W]here the issues and relationships are sufficiently interrelated and the result of arbitration may be to eliminate the need for court proceedings, then the goals of judicial economy and of resolving disputes outside of the judicial forum are met." *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 538 (1986).

¶ 14    In *Bass*, the reviewing court upheld the trial court's determination that certain of the plaintiff's claims were arbitrable while others were not. The court then addressed how the arbitration and the remaining litigation should proceed, stating as follows:

> "There does not appear to be any legal compulsion for the trial court to allow arbitration to proceed first. However, we note that as a matter of policy the facts in this case recommend consideration of (1) the dominance of [the plaintiff's] derivative claims over any individual ones, (2) the possible inefficiency of dual proceedings, and (3) the potential effect of collateral estoppel on whichever proceeding is last to conclude." *Bass*, 328 Ill. App. 3d at 507.

The court found this approach to be consistent with the general policy reflected in its decision in *Kostakos* as well as section 2(d) of the Uniform Act. *Bass*, 328 Ill. App. 3d at 507; *Kostakos*, 142 Ill. App. 3d at 538.

¶ 15    The considerations set forth in *Bass* apply to the present case. All three of the plaintiff's claims turn on allegations of the defendant's negligence. The issues are sufficiently interrelated in that whether the defendant was negligent in its care of Mrs. Sanders is definitive in the arbitrable claims and the wrongful death claim in the circuit court. The result of denying the stay is that two proceedings addressing and determining the same issue are proceeding simultaneously and may arrive at different determinations on the issue of the defendant's negligence. These dual proceedings constitute an inefficient use of judicial resources. Allowing the arbitration to proceed first may eliminate the need for the court proceedings, thus meeting the goals of judicial economy and of resolving disputes outside of the judicial forum. *Kostakos*, 142 Ill. App. 3d at 538.

¶ 16                                          CONCLUSION

¶ 17    We reverse the portion of the circuit court's order denying the defendant's request to stay the plaintiff's wrongful death claim. This case is remanded to the circuit court for the entry of an order staying the proceedings on the plaintiff's wrongful death claim until the conclusion of the arbitration of the plaintiff's arbitrable claims.

¶ 18    Reversed and remanded with directions.