ARTHUR CENCULA, Plaintiff-Appellee, v. JAY KELLER, Defendant-Appellant.

Second District   No. 2—86—0945

Opinion filed February 23, 1987.

Leon Zelechowski and Sandra Edwards, both of Boorstein, Cohn, Levine & Zelechowski, of Chicago, for appellant.

Lawrence J. Petroshius, Jr., of Petroshius & Petroshius, of Waukegan, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Jay Keller, appeals from the trial court's denial of his motion to compel arbitration.

Plaintiff, Arthur Cencula, entered into a contract with defendant, under which terms the plaintiff was to build a private residence for defendant. On May 3, 1985, plaintiff brought suit against defendant alleging that he had substantially performed all that was required of him under the contract and that defendant had failed to pay him for the work. Plaintiff alleged that the total contract price of $161,000 plus $4,374.97 for additions and extras agreed to subsequent to the contract was due, less a credit of $2,089.57. That sum, reduced by defendant's payments of $86,165, left an amount of $77,120.40 due plaintiff. Additionally, plaintiff claimed to have incurred costs in excess of $5,000 due to interest owed on amounts plaintiff had to borrow as a direct and proximate cause of defendant's breach of contract. Count II of plaintiff's complaint requested judgment in the amount of $77,120.40 based on the fair market value of the improvements plaintiff made to defendant's property, less the amount of money paid by defendant and the credits due to defendant.

The parties' contract included a detailed list of the work to be performed by plaintiff and the features to be included on defendant's home, allowances for material used, a list of work and materials to be handled by the owner and to be considered exclusions to the contract, and a clause dealing with payouts and time limits for performance of the work. The contract contained a final clause providing:

> "In conclusion, all work performed on this home at 42609 Crawford Rd., Antioch, Ill. 60002 by said contractor, Arthur A. Cencula, Sr. will be inspected and approved by expert engineer, Mr. Lowell Swenson, on a periodic basis. Work must meet all reasonable standards of construction to the satisfaction of the expert engineer. Both contractor and owner agree to having Mr. Lowell Swenson, expert engineer, assigned to this project as arbitrator and mediator of any disputed differences regard-

ing quality of construction and materials used. His decision will be binding and final on all differences between both parties. All fees to the above expert engineer will be borne on the owner and will not be considered as part of the contract price of the house. All payouts will be made prior to getting approval of work completed by Mr. Swenson, expert engineer."

Approximately one month after plaintiff filed his complaint, defendant filed an answer generally denying the allegations. He denied that the parties agreed to certain additions in the amount of $4,374.97; that plaintiff had performed all that was required of him under the contract and had substantially performed all work as of May 1, 1985; that he had violated the contract by not paying the full amount due; and that he owed plaintiff the amount plaintiff alleged. Defendant additionally stated that he was entitled to credits not considered in plaintiff's calculations.

On June 11, 1985, plaintiff filed a demand for a bill of particulars setting forth what additional credits the defendant was requesting. On January 31, 1986, the defendant filed a bill of particulars listing 51 items for which he alleged he should be credited in an amount of $9,480.02. On February 27, 1986, defendant first asserted that the cause should be submitted for arbitration, and he requested that the trial court dismiss plaintiff's complaint and enter an order compelling arbitration. On April 3, 1986, the trial court allowed plaintiff's attorney to withdraw, and on May 29, 1986, defendant filed a motion requesting the court to allow a new law firm to file an appearance and to allow him to file a counterclaim *instanter* should the motion to compel arbitration be denied. On September 26, 1986, the trial court found defendant to have waived his right to arbitration and denied the defendant's motion to compel arbitration and to file a counterclaim. On October 8, 1986, defendant filed a notice of interlocutory appeal.

■ On appeal, defendant contends that the trial court erred in ruling that he had waived his right to arbitration. We note initially that Supreme Court Rule 307(a) allows a party to take an interlocutory appeal from an order of the trial court refusing to grant an injunction. (87 Ill. 2d R. 307(a).) Appeals from the denial of a motion to stay proceedings and compel arbitration are considered analogous to appeals from the denial of an injunction (*J&K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 667), and accordingly, we have jurisdiction to consider this appeal.

■ Arbitration is a favored method of settling disputes in Illinois, and a finding of waiver of arbitration rights is disfavored. However, a

waiver may occur when a party acts in a manner which is inconsistent with the arbitration clause, thus indicating abandonment of the right. *Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536.

Defendant, admitting that there was a 9½-month delay between the filing of the complaint and his motion to compel arbitration, cites the case of *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040. In that case, the appellate court reversed the trial court's finding of waiver, holding that a failure to assert arbitration rights for nine months, by itself, was not sufficient to require a finding of waiver. 97 Ill. App. 3d 1040, 1043.

Defendant further contends that at no time did he conduct himself in a manner inconsistent with the right to arbitrate the dispute. He argues that he never asked the trial court to rule on any fact or law relating to the merits of the case. He points to the fact that he did not request affirmative relief in his answer but only requested leave to file a counterclaim if the trial court denied his motion to compel arbitration. In *Kessler, Merci & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 509, the court held that defendant's filing of an answer which set up the arbitration agreement as an affirmative defense and set forth a counterclaim in the alternative did not amount to conduct inconsistent with the arbitration clause.

Plaintiff argues that defendant's answer and the bill of particulars submitted otherwise potentially arbitrable issues to the trial court for consideration and that conduct along with the passage of 9½ months before defendant asserted the arbitration right amounted to a waiver of the arbitration right.

A party's conduct amounts to a waiver when the party submits arbitrable issues to a court for decision. (*Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536.) Under the facts of this case, we are called upon to determine whether defendant's conduct in asserting rights to additional credits due him under the contract as part of his answer, as well as filing a bill of particulars as to the credits, amounted to conduct inconsistent with the right to arbitrate such that it constituted a waiver of that right. We hold that it did.

In order to determine whether the defendant submitted an arbitrable issue to the court for a decision, it is necessary to determine the scope of the arbitration clause. The trial court made no findings in this regard. The sole sentence referring to the arbitration states that the owner and the contractor agreed to have Mr. Lowell Swenson, an expert engineer, act as arbitrator and mediator of any disputed differ-

ences regarding quality of construction and materials used. The parties are bound to submit only those issues which they have clearly agreed to resolve through arbitration, and a court should not extend an agreement by construction or implication. *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 669.

Defendant, by his answer alleging additional credits offsetting his liability, and by his bill of particulars listing items associated with the house for which he incurred expenses, put into issue many facts which appear to fall within the ambit of the arbitration clause. The bill of particulars lists such things as "replacement cost for damaged installation," and many other items which would call into issue whether the original material used was of the quality required under the contract. Thus, even interpreting the arbitration clause in a narrow sense to include only issues regarding quality of construction and materials used, the defendant submitted an arbitrable issue to the trial court for determination by his responsive pleading.

We find the facts of the instant case to be analogous to those in *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812. In *Gateway*, the defendants raised factual issues by their denials of the allegations in plaintiff's complaint and by their claims for setoff. The court held that the defendants' actions were inconsistent with their right to arbitrate and that right was waived. (76 Ill. App. 3d 812, 817.) While in that case defendants failed to assert their contractual right to arbitration until after their motion for continuance of a second trial date was denied, we do not find that distinction to mandate a different result. Here, defendant submitted arbitrable issues to the trial court for determination and did not assert the contractual arbitration clause until 9½ months after the complaint was filed. Defendant's conduct and participation in the judicial forum was inconsistent with the contractual right to arbitrate.

Accordingly, we affirm the judgment of the circuit court of Lake County.

Affirmed.

REINHARD and NASH, JJ., concur.