D.E. WRIGHT ELECTRIC, INC., Plaintiff-Appellant, v. HENRY ROSS CONSTRUCTION COMPANY, INC., Defendant-Appellee.

Fifth District   No. 5—87—0835

Opinion filed April 28, 1989.

Robert J. Hillebrand, of Hillebrand & Stubblefield, P.C., of Belleville, for appellant.

M. Joseph Hill, of Mateyka & Hill, P.C., of Edwardsville, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiff, D.E. Wright Electric, Inc., appeals from the dismissal with prejudice of its complaint against defendant, Henry Ross Construction Company, Inc., by the circuit court of Jackson County on November 20, 1987. For the reasons which follow, we reverse the order of the circuit court and remand this cause with directions.

Plaintiff filed its complaint in the circuit court of St. Clair County on May 24, 1976. The action was brought under section 28 of the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 28), against the owner of the improved property, First National Bank and Trust Company, as trustee, and the defendant/contractor, Henry Ross Construction Company, Inc.

Section 28 of the Mechanics' Liens Act provides that a subcontractor may sue the owner and contractor jointly for the amount due under the subcontract, and a personal judgment may be rendered against both. Such an action may be maintained against the owner only when the plaintiff establishes a right to the lien. All suits and actions by subcontractors under this section must be brought against both the contractor and the owner jointly, and all judgments where the lien is established shall be entered against both jointly. However, "this shall not preclude a judgment against the contractor, personally, where the lien is defeated." Ill. Rev. Stat. 1987, ch. 82, par. 28.

Plaintiff's complaint alleges that plaintiff entered into a subcontract with defendant, Henry Ross Construction Company, Inc., to perform certain electrical work and supply materials for the construction of a building located on land owned by First National Bank and Trust Company, as trustee; that plaintiff has performed under the contract; that there remains due and owing to plaintiff under the contract the sum of $56,516.68; and that plaintiff has served upon both the contractor and the owner a notice of lien as provided by the Mechanics' Liens Act. The complaint prays that the court enforce plaintiff's rights under the Mechanics' Liens Act and enter judgment jointly against both the contractor and owner.

On July 28, 1976, defendant, Henry Ross Construction Company, Inc., filed a motion to dismiss plaintiff's complaint for the reason that the subcontract between plaintiff and defendant provides that

"[a]ll claims, disputes, and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration ***."

On August 22, 1978, the court ordered all further proceedings stayed until such time as arbitration is concluded. On December 1, 1978, plaintiff moved the court to set aside the stay order for the reason that the subcontract between plaintiff and defendant also provides that the arbitration clause

"shall not be deemed a limitation on any rights or remedies which the Subcontractor may have under any Federal or State mechanics' lien laws"

and that plaintiff's action was brought pursuant to the Mechanics' Liens Act of the State of Illinois. On January 3, 1979, the court vacated its order of August 22, 1978, staying proceedings in this cause. The case was reset on the court's regular docket.

On March 27, 1979, plaintiff's complaint was dismissed for technical reasons, and plaintiff was granted leave to amend. Plaintiff filed its amended complaint on May 14, 1980. The complaint contained substantially the same allegations of fact as plaintiff's original complaint and prayed that the court enter judgment against the contractor and owner in the sum of $56,516.68 plus interest, and that the court enforce plaintiff's rights under the Mechanics' Liens Act.

On June 23, 1980, owner filed a motion to transfer venue from St. Clair County to Jackson County for the reason that section 9 of the Mechanics' Liens Act provides that venue is proper thereunder in the county where the property is located, and the property involved herein is located in Jackson County. (Ill. Rev. Stat. 1987, ch. 82, par. 9.) This motion was granted by order of court dated August 11, 1980, and the cause was ordered transferred to Jackson County.

On January 7, 1981, plaintiff and owner filed a stipulation for dismissal, alleging that a settlement of all issues had been reached between plaintiff and owner, First National Bank and Trust Company, and asking the court to dismiss with prejudice the cause as to First National Bank and Trust Company. On that same date, the court approved the stipulation and dismissed with prejudice plaintiff's claim against First National Bank and Trust Company. This left only plaintiff's claim against defendant/contractor, Henry Ross Construction Company, Inc.

On July 27, 1987, defendant filed a counterclaim against plaintiff

alleging that plaintiff had breached the subcontract by refusing and neglecting to employ a sufficient number of skilled laborers to complete its work in an expeditious manner, thereby delaying, hindering and obstructing completion of the project. As a result of plaintiff's breach of the subcontract, the counterclaim alleges, defendant has suffered damages in an amount in excess of $15,000.

On August 10, 1987, in response to defendant's notice to produce, plaintiff filed an affidavit of compliance in which it stated that it would not produce certain documents relating to its mechanic's lien because,

"[s]ince the complaint against the owner has been settled and since this matter is brought as a suit for money judgment under Section 28 of the Mechanics' Liens Act by Plaintiff subcontractor against Defendant contractor, this is no longer a suit for mechanic's lien but rather a suit on the contract and contract documents between Plaintiff and Defendant."

In response to this statement by plaintiff, defendant filed a motion to dismiss the complaint alleging that since the action against the owner had been settled, there was no longer any lien on the property, and therefore, there can be no action under section 28 of the Mechanics' Liens Act; that plaintiff is now attempting to assert a common law claim for money damages for breach of contract; that this claim is barred by the subcontract, which requires that any such claims be submitted to arbitration; that plaintiff's complaint cannot be amended to state a cause of action for breach of contract or for collection on a written contract as any such claim is barred by the statute of limitations; and that plaintiff cannot at this late date assert a right to arbitration.

Hearing was held on the motion on September 17, 1987. Plaintiff responded to defendant's motion in part by arguing that it seeks to proceed on its amended complaint under the contract; that arbitration is no longer appropriate because defendant has waived his right to arbitration by filing a counterclaim on the contract, but that if the court feels arbitration is appropriate, it should stay any further proceedings in the circuit court and submit the cause to arbitration, rather than dismiss it. Finally, plaintiff asked that, if the court determines that its complaint does not state a good cause of action for breach of contract, that it be granted leave to amend its complaint. Defendant responded that to allow the cause to go to arbitration, or to allow plaintiff to amend his complaint would be unfair to defendant, whose records had been destroyed in a tornado in 1983.

The court found that plaintiff had insisted throughout the pro-

ceedings that its cause of action was brought under section 28 of the Mechanics' Liens Act, thereby limiting the defendant in his defenses and discovery, and that plaintiff had opposed submitting its claim to arbitration. The court found that plaintiff had at no time pleaded a cause of action for money damages under the contract pursuant to contract law, and that to allow plaintiff to do so now would be prejudicial to defendant due to the substantial lapse of time and the loss of defendant's records. Finally, the court found that defendant had not waived its right to arbitration by filing the counterclaim. The court denied plaintiff's request for leave to amend its complaint and its request to submit the cause to arbitration and dismissed plaintiff's complaint with prejudice. Defendant's counterclaim was dismissed without prejudice.

Plaintiff filed its notice of appeal on December 9, 1987, and an amended notice of appeal on December 18, 1987, appealing from the court's order denying its motion to amend its complaint and dismissing its complaint with prejudice. We reverse the order of the trial court dismissing plaintiff's complaint with prejudice and remand this cause with directions that proceedings be stayed in the circuit court, and that the cause be submitted to arbitration in accordance with the terms of the parties' contract and applicable law.

The trial court dismissed plaintiff's complaint with prejudice for the following reasons: plaintiff was no longer seeking relief under section 28 of the Mechanics' Liens Act (the lien having been extinguished by settlement with the owner), but was seeking relief under a common law theory of breach of contract; such a claim could not be litigated in the circuit court, but was subject to arbitration pursuant to the contract of the parties; plaintiff had opposed arbitration when the suit was initially filed and therefore was no longer entitled to arbitration; the cause could not proceed in the circuit court as defendant had been limited in its defenses and discovery by plaintiff's insistence that its cause was one under section 28 of the Mechanics' Liens Act; and to allow plaintiff to amend its complaint to state a common law action for breach of contract at this late date would prejudice defendant, especially since defendant's records had been destroyed in a tornado.

■ The trial court is correct that plaintiff's cause of action is no longer governed by section 28 of the Mechanics' Liens Act. Plaintiff's lien on the owner's property was released by the settlement of claims between the owner and plaintiff. Therefore, plaintiff is not entitled to proceed under section 28 of the Mechanics' Liens Act. However, plaintiff may still have a cause of action under the contract for monies due thereunder. The trial court recognized this, but found that plain-

tiff could not proceed in the circuit court on such a claim because the contract between the parties provides that any claims under the contract must be submitted to arbitration. The court found that plaintiff was no longer entitled to arbitration because it had opposed arbitration when the suit was initially filed.

■ We think the trial court erred in so holding. Plaintiff properly opposed arbitration when the suit was initially filed. At the time the suit was filed, it was in fact brought under section 28 of the Mechanics' Liens Act. Therefore, it was not subject to arbitration under the terms of the parties' contract. It was plaintiff's right to oppose arbitration at that point. We see no reason to punish plaintiff now for exercising that right. The suit did not become subject to arbitration until claims against the owner were settled and plaintiff's lien was released.

■ The trial court apparently felt that to allow plaintiff to proceed at this point on a claim for money damages under the contract would prejudice defendant, which had been limited in its defenses and discovery by plaintiff's characterization of the suit as one under section 28 of the Mechanics' Liens Act. However, it is our opinion that plaintiff's claim has at all times been one for money damages under the terms of the contract, even though it was brought under section 28 of the Mechanics' Liens Act.

Section 28 of the Mechanics' Liens Act specifically authorizes a joint action against both the owner and the contractor for money damages under the subcontract. If the lien against the owner's property is for any reason defeated, plaintiff is still entitled to pursue its claim for money damages against the contractor. This is the relief which plaintiff has sought from the beginning of this action. The issues remain substantially the same whether the action is pursued under section 28 of the Mechanics' Liens Act or under a common law theory of breach of contract. We fail to see how defendant's defenses and discovery have in any way been limited, nor do we see any prejudice to defendant resulting from the lapse of time. That defendant's records were destroyed by a tornado is unfortunate, but is not the fault of plaintiff and does not justify dismissal of plaintiff's complaint with prejudice.

Further, the record reflects that defendant was aware that plaintiff was seeking money damages for breach of contract. In a motion to dismiss the amended complaint, filed May 22, 1980, defendant requested dismissal because the amended complaint "apparently alleges an action for breach of contract and also an action for Illinois Mechanic's Lien Foreclosure or judgment, each of which should be set out in

separate counts, if that is plaintiff's theory." Clearly, plaintiff's complaint does not seek foreclosure of the mechanic's lien, but seeks only a money judgment for breach of contract. Furthermore, defendant filed a counterclaim alleging breach of contract by plaintiff.

The granting of a motion to dismiss a complaint is within the sound discretion of the trial court. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976, 983.) We find that the trial court abused its discretion in dismissing plaintiff's complaint with prejudice. Instead of dismissing plaintiff's complaint with prejudice, the trial court should have stayed further proceedings thereon and submitted the cause to arbitration in accordance with the parties' contract and applicable law.

Section 2 of the Arbitration Act provides that any action or proceeding involving an issue subject to arbitration shall be stayed if an application for arbitration has been made. (Ill. Rev. Stat. 1987, ch. 10, par. 102.) At the hearing on the motion to dismiss, plaintiff requested that, instead of being dismissed with prejudice, the cause be submitted to arbitration. The court should have granted plaintiff's request.

In its reply brief, plaintiff argues for the first time that defendant has waived its right to arbitration by filing a counterclaim alleging breach of the subcontract by plaintiff. It is well settled that points not raised in the opening brief may be deemed waived and cannot be raised in the reply brief. (*Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 793, 424 N.E.2d 911, 917.) Plaintiff has waived this issue.

In any event, this issue was presented to the trial court, which found that defendant had not waived its right to arbitration by filing a counterclaim. We agree. Arbitration is a favored method of resolving disputes in Illinois, and a waiver of the right to arbitrate is disfavored. (*Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 756, 504 N.E.2d 997, 999.) Waiver may occur when a party acts in a manner which is inconsistent with the arbitration clause, thus indicating abandonment of the right. (*Cencula,* 152 Ill. App. 3d at 757, 504 N.E.2d at 999.) While it has been held that submitting arbitrable issues to a court of law, as by filing a counterclaim, may result in the waiver of the right to arbitration (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1042-43, 425 N.E.2d 439, 441), the filing of a counterclaim and answer does not automatically result in waiver of arbitration rights. (*Edward Electric Co. v. Automation, Inc.* (1987), 164 Ill. App. 3d 547, 555, 518 N.E.2d 172, 177.) We do not think, on the facts of this case, that defendant has acted in such a manner as to abandon its right to arbitration. Defendant asserted its right to arbitration early in the

proceeding, but was denied. As in *Edward Electric Co.*, the filing of a counterclaim by defendant was merely responsive and done only to protect defendant's rights. Defendant did not act in a manner inconsistent with the arbitration clause.

Accordingly, we reverse the order of the circuit court of Jackson County dismissing plaintiff's complaint with prejudice and remand this cause with directions that further proceedings in the circuit court be stayed and that an appropriate order be entered submitting this cause to arbitration in accordance with the parties' contract and applicable law.

In light of this decision, we need not discuss further the denial of plaintiff's motion to amend its complaint. However, plaintiff does present for our consideration one additional issue: whether the circuit court of St. Clair County erred in granting the motion of owner, First National Bank and Trust Company, to transfer venue from St. Clair County to Jackson County, the location of the property.

■■ ■ Plaintiff argues that the trial court erred in transferring venue because owner's motion was not timely filed. Section 8(2) of the Civil Practice Act, in effect in 1980 when the owner's motion was filed, is substantially similar to section 2–104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2–104(b)), which provides that all objections to improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he is required to appear, or within any further time that may be granted him to answer or move with respect to the complaint. Plaintiff argues that owner's motion to transfer venue was not timely filed, that therefore owner had waived any objection to venue, and its motion should not have been granted. However, the record reflects that owner filed its motion to transfer venue prior to the time it filed any responsive pleading to plaintiff's complaint. Although it had been served with process on June 14, 1976, and did not file its motion to transfer venue until June 23, 1980, it would appear that the motion was still filed within the time granted by the court to owner to plead with respect to the complaint. The owner had not been adjudged in default, and in fact filed a motion to dismiss plaintiff's complaint on September 28, 1981. The trial court apparently did not believe that owner had waived its right to object to venue, nor do we so find.

■■ Of greater concern is plaintiff's argument that the venue provision of the Mechanics' Liens Act does not apply to a suit brought under section 28 against an owner and contractor jointly for money damages. The venue provision of the Mechanics' Liens Act is found in

section 9, and provides that a suit to enforce a lien may be brought in the county where the property is located. (Ill. Rev. Stat. 1987, ch. 82, par. 9.) Section 28, under which the instant action was brought, provides that a subcontractor may either file a complaint to enforce its lien within the same limits as to time and in such other manner as provided in the Mechanics' Liens Act, *or* it may sue the owner and contractor jointly for the amount due in the circuit court, and a personal judgment may be rendered therein, as in other cases. (Ill. Rev. Stat. 1987, ch. 82, par. 28.) A simple reading of this language indicates that the legislature did not intend the technical procedural requirements of the Mechanics' Liens Act to apply to actions brought against the owner and contractor for money damages. No venue is designated for such suits, and judgment may be entered as in other cases. Thus, it appears that the provisions of the Code of Civil Procedure apply to actions brought against the owner and contractor jointly under section 28 of the Mechanics' Liens Act.

In *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 457 N.E.2d 422, the court held that, in an action brought under section 28 of the Mechanics' Liens Act against the owner and contractor jointly, the two-year statute of limitations provided in the Mechanics' Liens Act did not apply. Instead, the five-year statute of limitations provided in the Limitations Act applied. Similarly, in this case, we find that the venue provision of the Mechanics' Liens Act did not apply to an action brought against the owner and contractor jointly for money damages. Instead, the venue provisions of the Code of Civil Procedure apply and the circuit court of St. Clair improperly transferred venue to Jackson County based upon the provisions of the Mechanics' Liens Act. Accordingly, we reverse the order of the circuit court of St. Clair County transferring venue to Jackson County.

On remand, we direct Jackson County to transfer this cause back to the circuit court of St. Clair County. We further direct the circuit court of St. Clair County to enter an appropriate order staying further proceedings in this cause pending the conclusion of arbitration proceedings.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed, the order of the circuit court of St. Clair County is reversed, and this cause is remanded with directions.

Reversed and remanded with directions.

HARRISON and CHAPMAN, JJ., concur.