JEFFREY YANDELL, Plaintiff-Appellee, v. CHURCH MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fourth District    No. 4—95—0263

Argued June 14, 1995.—Opinion filed August 30, 1995.

Richard F. Record, Jr., and Richard A. Tjepkema (argued), both of Craig & Craig, of Mattoon, for appellant.

Rodney L. Smith (argued), of Heller, Holmes & Associates, P.C., of Mattoon, for appellee.

JUSTICE COOK delivered the opinion of the court:

Defendant, Church Mutual Insurance Company, appeals the trial court's December 20, 1994, order denying its motion to compel arbitration. On appeal, defendant argues (1) it did not waive its right to arbitration; (2) it is not estopped from asserting its arbitration rights; and (3) although not a signatory to the insurance policy, plaintiff could be compelled to arbitrate his underinsured motorist (UDIM) claim. We affirm.

Plaintiff was driving a vehicle owned by First General Baptist Church (Church) when he was injured in a collision with a third party on March 18, 1992. Plaintiff settled the underlying case for the policy limits, then sought UDIM benefits under the Church's policy issued by defendant. On November 3, 1992, plaintiff notified defendant of its UDIM claim. On January 31, 1994, plaintiff filed a complaint against defendant. Count I sought a declaration that plaintiff had coverage under the UDIM provisions of the insurance policy with limits of $1 million, count II sought damages under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1992)), and count III sought damages for the alleged breach of the covenant of good faith and fair dealing. On March 14, 1994, defendant moved to transfer venue from Madison County to Coles County. The court granted that motion and transferred the case on or about July 19, 1994. On September 6, 1994, defendant filed a motion to dismiss count III of plaintiff's complaint, alleging it was preempted by statute, and a motion to strike the jury demand made in counts I and II and any claims for prejudgment interest.

On October 11, 1994, defendant filed a motion to compel arbitration and to stay the trial court proceedings pending the arbitration pursuant to section 2 of the Uniform Arbitration Act (Act) (710 ILCS 5/2 (West 1992)). On December 20, 1994, the trial court denied defendant's motion after a hearing, concluding defendant had waived its arbitration rights by participating in the litigation. This appeal followed.

■■ A motion to compel arbitration is in the nature of a prayer for injunctive relief, and a denial of that motion can be reviewed by an appellate court as an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 307(a)(1), eff. February 1, 1994). (*Notaro v. Nor-Evan Corp.* (1983), 98 Ill. 2d 268, 270-71, 456 N.E.2d 93, 94-95.) The sole issue before the appellate court on an interlocutory appeal is whether a sufficient showing was made to sustain the order of the trial court denying the motion to compel arbitration. (*Amalgamated Transit Union, Local 900 v. Suburban Bus Division of the Regional Transpor-*

*tation Authority* (1994), 262 Ill. App. 3d 334, 337, 634 N.E.2d 469, 472; *Barter Exchange, Inc. v. Barter Exchange, Inc.* (1992), 238 Ill. App. 3d 187, 191, 606 N.E.2d 186, 189.) Thus, the standard of review in an interlocutory appeal generally is whether the trial court abused its discretion in granting or denying the interlocutory relief requested. *Jacob v. C&M Video, Inc.* (1993), 248 Ill. App. 3d 654, 664, 618 N.E.2d 1267, 1274; *Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 594, 572 N.E.2d 1119, 1122.

■ Defendant first argues it did not waive its arbitration rights because its participation in the litigation was only responsive. Arbitration is a favored method of resolving disputes in Illinois, and a waiver of the right to arbitrate is disfavored. (*Jacob*, 248 Ill. App. 3d at 658, 618 N.E.2d at 1270; *D.E. Wright Electric, Inc. v. Henry Ross Construction Co.* (1989), 183 Ill. App. 3d 46, 53, 538 N.E.2d 1182, 1187.) Waiver may occur, however, when a party acts in a manner inconsistent with the arbitration clause, thus indicating an abandonment of the right. (*Kennedy v. Commercial Carriers, Inc.* (1994), 258 Ill. App. 3d 939, 943, 630 N.E.2d 1059, 1062; *Jacob*, 248 Ill. App. 3d at 658, 618 N.E.2d at 1270.) Defendant cites several cases for the proposition that mere responsive participation in litigation does not constitute a waiver of arbitration rights unless the party submits arbitrable issues to a court for decision. However, all the cases cited involved mandatory arbitration; none of them involved UDIM coverage. See *Kennedy*, 258 Ill. App. 3d at 941-43, 630 N.E.2d at 1061-62; *Jacob*, 248 Ill. App. 3d at 658, 618 N.E.2d at 1270; *Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536, 491 N.E.2d 1322, 1325; *Edward Electric Co. v. Automation, Inc.* (1987), 164 Ill. App. 3d 547, 555, 518 N.E.2d 172, 177; *City of Centralia v. Natkin & Co.* (1994), 257 Ill. App. 3d 993, 994-95, 630 N.E.2d 458, 459-60.

■ We decline to follow that reasoning in cases where arbitration is elective, not mandatory. The arbitration provision here provides that arbitration is not required unless the insurer or insured makes a written demand for arbitration. "[W]here an arbitration provision is optional, an insurer may waive its right to arbitrate by not making a demand for arbitration within a reasonable time ***." (*Barbour v. Slaughter* (1976), 36 Ill. App. 3d 857, 861, 345 N.E.2d 113, 117; see also *Andeen v. Country Mutual Insurance Co.* (1966), 70 Ill. App. 2d 357, 364, 217 N.E.2d 814, 817-18.) Although *Barbour* and *Andeen* are uninsured motorist (UM) cases, they arose at a time when arbitration in UM cases was optional. Today, by statute, all UM claims are subject to mandatory arbitration. (215 ILCS 5/143a(1) (West 1992).) Section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1992)) mandates binding arbitration, even if the policy provides for

nonbinding arbitration. (*American Family Mutual Insurance Co. v. Baaske* (1991), 213 Ill. App. 3d 683, 688, 572 N.E.2d 308, 310.) The record indicates that defendant failed to assert its arbitration rights until approximately $8^{1}/2$ months after plaintiff filed the lawsuit, two years after plaintiff notified defendant of his UDIM claim, and two years and seven months after the date of the accident. In addition, defendant never complied with the arbitration provision in the policy. Defendant filed a motion to compel arbitration, but never made a written arbitration demand on plaintiff. As such, the trial court could have reasonably concluded that defendant elected not to assert its arbitration rights by failing to assert them in a reasonable time.

Our decision is reinforced by the fact that the UDIM provision in this case does not appear to provide for binding arbitration. The policy here provides only that the decision of two of the three arbitrators shall be binding. There is no language comparable to that found in other policies that the decision of the arbitrators shall be binding and enforceable without any further action by any court of competent jurisdiction. It is possible that if plaintiff were forced to go through arbitration in this case, and received an award, defendant might choose to start over in a court proceeding. (See *Mayflower Insurance Co. v. Mahan* (1989), 180 Ill. App. 3d 213, 216-17, 535 N.E.2d 924, 925 (arbitrators awarded $400,000, insurer then filed complaint "demanding" trial on issues of liability and amount of damages).) Where UDIM arbitration is nonbinding, and just another hoop to jump through, insurers and insureds might logically choose to go directly into court. See, *e.g.*, *Cerveny v. American Family Insurance Co.* (1993), 255 Ill. App. 3d 399, 401, 626 N.E.2d 1214, 1216 (after parties failed to agree, they waived arbitration and plaintiff filed suit in circuit court).

■ Defendant next argues it was not estopped from raising its arbitration rights. Although the trial court did not base its decision on estoppel, estoppel was argued to the trial court, and we may affirm for any reason which appears of record, even if the trial court did not rely on it. (*McDunn v. Williams* (1993), 156 Ill. 2d 288, 335, 620 N.E.2d 385, 408; *Prochnow v. El Paso Golf Club, Inc.* (1993), 253 Ill. App. 3d 387, 393, 625 N.E.2d 769, 773.) Estoppel applies where the insured relies upon some act, conduct or nonaction of the insurer to his detriment. To establish an estoppel, the insured must show he was misled in some manner by the acts or statements of the insurer or its agents, the insured relied on that conduct or representation, and the insured was prejudiced thereby. *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 45, 572 N.E.2d 1258, 1265; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 304-05, 393 N.E.2d 1223, 1229-30.

■ In this case, plaintiff made repeated requests for a copy of the policy, but defendant never furnished a complete copy of the policy until after the suit was filed. As such, plaintiff did not know of the details of the arbitration provision. Plaintiff relied on defendant's failure to furnish the policy and failure to assert its arbitration rights when plaintiff filed suit in the circuit court to collect UDIM benefits. As a result, plaintiff has incurred associated litigation costs. Defendant chose not to assert its arbitration rights until approximately 8 1/2 months after plaintiff filed suit. Based upon these facts, the trial court could reasonably have concluded that defendant was estopped from seeking to compel plaintiff to arbitrate his UDIM claim.

■ Finally, defendant argues plaintiff could be compelled to arbitrate even though he was a nonsignatory to the policy. Although the trial court did not base its ruling on this argument, it was argued to the trial court, and, again, we can affirm for any valid reason in the record, regardless of the reasoning used by the trial court. (*McDunn*, 156 Ill. 2d at 335, 620 N.E.2d at 408; *Prochnow*, 253 Ill. App. 3d at 393, 625 N.E.2d at 773.) Under the Act, the law is clear that persons who are not parties to an arbitration agreement cannot be compelled to arbitrate. (*City of Peru v. Illinois Power Co.* (1994), 258 Ill. App. 3d 309, 313, 630 N.E.2d 454, 457; *Jacob*, 248 Ill. App. 3d at 659, 618 N.E.2d at 1271; *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.* (1993), 244 Ill. App. 3d 920, 925, 613 N.E.2d 331, 334; *Vukusich v. Comprehensive Accounting Corp.* (1986), 150 Ill. App. 3d 634, 640, 501 N.E.2d 1332, 1336.) If there is no written agreement to arbitrate, the court shall deny any request for arbitration. (710 ILCS 5/2(a) (West 1992).) Plaintiff did not sign the insurance policy and is clearly not a party to it. Plaintiff may not even have known the policy existed before the accident. Defendant maintains that plaintiff is a third-party beneficiary to the agreement and is therefore subject to the arbitration provision. However, a third-party beneficiary cannot be compelled to arbitrate under the Act. (*City of Peru*, 258 Ill. App. 3d at 313, 630 N.E.2d at 457-58.) Under defendant's logic, every person who seeks recovery from a tortfeasor and from the tortfeasor's insurance company could be forced into arbitration. Insurers could require that every automobile liability case be resolved by arbitration. The trial court could have also denied defendant's motion to compel arbitration on the ground that plaintiff, as a nonparty to the policy, could not be compelled to arbitrate his UDIM claim.

For the foregoing reasons, we affirm the order of the trial court.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.