Filed 6/26/08       NO. 4-07-1028

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| TSP-HOPE, INC., an Illinois Not-for-Profit Corporation, | ) ) | Appeal from Circuit Court of |
|      Plaintiff and Counter-defendant-Appellant, | ) ) | Sangamon County No. 06CF497 |
|      v. | ) | |
| HOME INNOVATORS OF ILLINOIS, LLC, an Illinois Limited Liability Company, | ) ) | Honorable |
|      Defendant and Counter-plaintiff-Appellee. | ) ) | John W. Belz, Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

Plaintiff, TSP-Hope, Inc., filed a complaint against defendant, Home Innovators of Illinois, LLC, alleging various issues involving a contract with defendant wherein defendant agreed to build houses for plaintiff.  Defendant responded to the complaint and filed a counterclaim.  Defendant eventually filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2006)), invoking the contract's mandatory mediation and arbitration clause.  The trial court granted defendant's motion to dismiss.  Plaintiff filed a motion to reconsider, which the court denied.  Plaintiff appeals. We affirm.

I. BACKGROUND

Plaintiff is a not-for-profit corporation engaged in the business of providing financial and educational services in addition to financing the construction of homes to meet the housing needs of Springfield, Illinois', low-income residents.

Defendant is an Illinois limited-liability company engaged in the business of residential construction. On July 25, 2005, plaintiff and defendant entered into a contract for the construction of homes in Springfield. Sometime in the summer of 2006, work on the houses stopped.

On August 16, 2006, plaintiff filed a complaint claiming, among other things, breach of contract. On September 15, 2006, defendant filed a motion for extension of time to answer complaint or otherwise plead. In that motion, defendant claimed that on September 12, 2006, "[p]laintiff served [d]efendant with a demand that [d]efendant file suit within 30 days to enforce liens on the property, which property is a subject of the complaint in the above-entitled cause." On October 12, 2006, defendant filed its answer and counterclaim. The answer included an affirmative defense alleging duress in written contract formation and counterclaims involving foreclosure, enforcement of mechanic's liens, and breach of contract.

On November 13, 2006, plaintiff filed a motion to dismiss defendant's affirmative defense and portions of its counterclaim. On February 7, 2007, plaintiff filed leave to amend its complaint. On March 2, 2007, the trial court granted plaintiff's motion for leave to amend its complaint and granted plaintiff's motion to dismiss defendant's affirmative defense and certain counterclaims. On March 19, 2007, defendant filed an amended counterclaim, which included the breach of contract claim, and on March 23, 2007, it filed an answer to plaintiff's

amended complaint.

On July 2, 2007, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code requesting dismissal of plaintiff's complaint and defendant's counterclaims and an order for arbitration. The motion contained a statement that prior to suit, defendant had verbally requested mediation. Defendant attached the contract to its motion. Section 15 of the contract provided as follows:

"15. Disputes - Should any dispute arise relative to the performance of this contract that the parties cannot satisfactorily resolve, if the parties also agree, the dispute shall be resolved in accordance with Illinois Quality Assurance Builder Standards. If the parties do not so agree, then the parties agree that the dispute shall be resolved first by utilizing mediation and[,] if not resolved, by binding arbitration conducted by the American Arbitration Association."

On July 24, 2007, defendant filed an amended counterclaim, which included the breach-of-contract claim.

On September 18, 2007, the trial court granted defendant's motion to dismiss as to the breach-of-contract claim, finding that defendant's participation in the litigation had not waived its right to arbitration as contained in the contract, the litigation in court had not been substantial, and plaintiff had

not shown prejudice.

On September 28, 2007, plaintiff filed a motion to reconsider, claiming the trial court incorrectly applied the federal standard to determine a waiver of the right to arbitrate as opposed to the applicable Illinois law. On November 20, 2007, the trial court denied plaintiff's motion to reconsider, finding defendant's participation in the judicial process was not so inconsistent with the right to arbitrate as to indicate an abandonment of the right. Specifically, the court noted that (1) on August 16, 2006, plaintiff commenced proceedings; (2) on October 12, 2006, defendant filed an answer and counterclaim; (3) later defendant filed an amended counterclaim; (4) defendant's actions were responsive to plaintiff's pursuit of litigation; (5) filing of a counterclaim and answer does not automatically result in the waiver of arbitration rights; and (6) defendant did not conduct any meaningful discovery by the time it filed the motion to dismiss on July 5, 2007. This appeal followed.

## II. ANALYSIS

We first note that defendant did not file a brief. Defendant's failure to file a brief does not require automatic reversal, and plaintiff continues to bear the burden of establishing error. First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 131-32, 345 N.E.2d 493, 494-95 (1976). This court need not become defendant's advocate or search the record for the purpose of sustaining the trial court's judgment but may do so if justice so requires. Talandis, 63 Ill.

- 4 -

2d at 133, 345 N.E.2d at 495. "When the record is simple, and the claimed errors are such that this court can easily decide them on the merits without the aid of an appellee's brief, this court should decide the appeal on its merits." Plooy v. Paryani, 275 Ill. App. 3d 1074, 1088, 657 N.E.2d 12, 23 (1995). In this case, plaintiff's brief sufficiently presents the issue and the record is relatively simple, so we address the merits of the case.

Plaintiff argues that defendant waived its contractual right to arbitrate by repeatedly submitting arbitrable issues to the trial court for decision and by delaying its assertion to the right to arbitrate for more than 10 months. Because the appeal involves the court's legal conclusion and does not involve a factual dispute, we review this issue de novo. La Hood v. Central Illinois Construction, Inc., 335 Ill. App. 3d 363, 364, 781 N.E.2d 585, 586 (2002); but see Glazer's Distributors of Illinois, Inc. v. NWS-Illinois, LLC, 376 Ill. App. 3d 411, 424, 876 N.E.2d 203, 214 (2007) (First District, reviewing the trial court's decision that a party to a contract waived its right to arbitration under an abuse-of-discretion standard).

While arbitration is a favored method of settling disputes in Illinois, a party may waive its contractual right to arbitration. Kostakos v. KSN Joint Venture No. 1, 142 Ill. App. 3d 533, 536, 491 N.E.2d 1322, 1325 (1986) (First District). Illinois courts are reluctant to find a party waived its contractual right to arbitration. Kostakos, 142 Ill. App. 3d at 536,

- 5 -

491 N.E.2d at 1325.  In determining whether a party has waived its right to arbitrate a claim, the "'crucial inquiry is whether the party has acted inconsistently with its right to arbitrate.'" Glazer's, 376 Ill. App. 3d at 425, 876 N.E.2d at 215, quoting Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC, 319 Ill. App. 3d 1089, 1098, 746 N.E.2d 294, 301 (2001) (First District).  A party acts inconsistently with its right to arbitrate when it submits arbitrable issues to a court for decision. Cencula v. Keller, 152 Ill. App. 3d 754, 757, 504 N.E.2d 997, 999 (1987) (Second District).

In this case, the undisputed facts show that defendant filed an answer and counterclaim in response to plaintiff's complaint and plaintiff's demand that defendant file suit within 30 days to enforce liens on the property.  Defendant then filed an amended complaint after the trial court granted plaintiff's motion to dismiss defendant's affirmative defense and certain counterclaims.  Defendant also failed to assert its contractual right to arbitrate for 10 1/2 months after plaintiff filed its original complaint.  The issue is whether these facts show that defendant acted inconsistently with its right to arbitrate and submitted arbitrable issues to the court for decision.

Illinois courts have held a party waives its contractual right to arbitrate under the following circumstances: (1) filing a motion for summary judgment (Applicolor, Inc. v. Surface Combustion Corp., 77 Ill. App. 2d 260, 267, 222 N.E.2d 168, 171 (1966) (First District)); (2) answering a complaint, participat-

ing in discovery for two years, and asserting arbitration in response to a motion for summary judgment (<u>Epstein v. Yoder</u>, 72 Ill. App. 3d 966, 972, 391 N.E.2d 432, 437 (1979) (First District)); (3) answering a complaint with claims of setoffs against the plaintiff, participating in discovery, and waiting 13 months and 22 months from when plaintiff filed complaints against the two separate defendants before asserting a right to arbitration (<u>Gateway Drywall & Decorating, Inc. v. Village Construction Co.</u>, 76 Ill. App. 3d 812, 817, 395 N.E.2d 613, 616-17 (1979) (Fifth District)); (4) filing an answer claiming additional credits, filing a bill of particulars listing the additional credits, and waiting 9 1/2 months before asserting the arbitration right (<u>Cencula</u>, 152 Ill. App. 3d at 758, 504 N.E.2d at 1000); (5) engaging in discovery, opposing an earlier attempt to compel arbitration, and failing to file for arbitration when given the opportunity (<u>Schroeder</u>, 319 Ill. App. 3d at 1098, 746 N.E.2d at 302); and (6) filing a complaint seeking complete relief without mentioning arbitration and requesting arbitration only after the trial court and appellate court denied its request for a temporary restraining order and the other party had filed a motion to dismiss the complaint (<u>Glazer's</u>, 376 Ill. App. 3d at 426, 876 N.E.2d at 216).

Unlike the cases cited above, in this case, the parties did not conduct any discovery, nor did defendant interject pleadings that were anything more than responsive to plaintiff's claims. Defendant did, though, file counterclaims that clearly

- 7 -

fell under the arbitration paragraph as they involved issues that would be considered "dispute[s] aris[ing] relative to the performance of [the] contract."  "While [Illinois courts have] held that submitting arbitrable issues to a court of law, as by filing a counterclaim, may result in the waiver of the right to arbitration (Brennan v. Kenwick (1981), 97 Ill. App. 3d 1040, 1042-43, 425 N.E.2d 439, 441), the filing of a counterclaim and answer does not automatically result in waiver of arbitration rights." D.E. Wright Electric, Inc. v. Henry Ross Construction Co., 183 Ill. App. 3d 46, 53, 538 N.E.2d 1182, 1187 (1989) (Fifth District), citing Edward Electric Co. v. Automation, Inc., 164 Ill. App. 3d 547, 555, 518 N.E.2d 172, 177 (1987) (First District).

In this case, the filing of a counterclaim appeared to be responsive to plaintiff's complaint and responsive to plaintiff's demand on September 12, 2006, that defendant file suit within 30 days to enforce liens on the property.  A lienholder forfeits its mechanic's lien if it fails to commence an action to foreclose the lien within 30 days after receipt of the owner's written demand to sue as required by section 34 of the Mechanics Lien Act (Act) (770 ILCS 60/34 (West 2006)).  Vernon Hills III Ltd. Partnership v. St. Paul Fire & Marine Insurance Co., 287 Ill. App. 3d 303, 308, 678 N.E.2d 374, 377-78 (1997).  Assuming plaintiff's demand satisfied the written-demand requirements of section 34 of the Act and triggered the tolling of the 30-day limitations period, defendant was forced to file the foreclosure action or lose its liens under the Act.  Under these circum-

stances, the filing of responsive pleadings along with the 10 1/2-month delay in asserting a right to arbitration does not establish that defendant acted inconsistently with its right to arbitrate.  See Edward Electric, 164 Ill. App. 3d at 554-55, 518 N.E.2d at 177 (in finding defendant did not waive its right to arbitration, the court noted that defendant conducted no discovery and that the defendant's counterclaims were filed in response to plaintiff's complaint and in order to protect defendant's rights from litigation stemming from plaintiff's original and first-amended complaints).

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON, P.J., and KNECHT, J., concur.