NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230108-U

NO. 4-23-0108

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* G.D., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Woodford County |
| Petitioner-Appellee, | ) | No. 21JA7 |
| v. | ) | |
| Claudia D., | ) | Honorable |
| Respondent-Appellant). | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed the circuit court's termination of respondent's
parental rights, concluding its best interests determination was not against the
manifest weight of the evidence.

¶ 2     Respondent, Claudia D., appeals the circuit court's order terminating her parental

rights to her daughter, G.D. (born in September 2018).  Respondent argues the court erred in

finding it was in G.D.'s best interests to terminate respondent's parental rights.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On April 20, 2021, the State filed a petition for adjudication of wardship and

shelter care, alleging G.D. was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act

of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)) because her environment

was injurious to her welfare when she resided with her parents, respondent and Francisco V., due

to domestic violence issues.  We note Francisco V. is not a party to this appeal, but he filed a

separate appeal docketed as Fourth District case No. 4-23-0109. Specifically, the petition alleged Francisco V. struck respondent in the head and respondent stabbed Francisco V. with a pen while G.D. was in their care. That same day, the circuit court entered an order placing G.D. in the temporary custody of the Department of Children and Family Services (DCFS). Following an August 2021 hearing, the court entered an adjudicatory order, finding G.D. was neglected as alleged in the wardship petition. On September 8, 2021, the court entered a dispositional order finding respondent and Francisco V. unfit to care for G.D. The court made her a ward of the court and granted custody and guardianship to DCFS. The court ordered respondent to cooperate with DCFS and comply with specific terms as directed by DCFS.

¶ 5        In October 2022, the State filed a petition to terminate the parental rights of respondent and Francisco V. As to respondent, the petition asserted respondent was unfit because she failed to make (1) reasonable efforts to correct the conditions that were the basis for G.D.'s removal during any nine-month period after the neglect adjudication (750 ILCS 50/1(D)(m)(i) (West 2022)) and (2) reasonable progress toward G.D.'s return during any nine-month period after the neglect adjudication (750 ILCS 50/1(D)(m)(ii) (West 2022)). Both counts alleged the same nine-month period of January 1, 2022, through October 1, 2022.

¶ 6        In January 2023, the circuit court held a hearing on the State's petition to terminate respondent's parental rights. During the hearing, it was established respondent had moved to New York. At the conclusion, it found respondent unfit by clear and convincing evidence on both counts alleged in the termination petition. The court also found Francisco V. unfit.

¶ 7        On February 3, 2023, the circuit court held a best interests hearing. A best interests report prepared by caseworker Brooke Bachtold was received and considered by the

court without objection or any additions or corrections by the parties. Bachtold testified consistent with the best interests report. Respondent was not present at the start of the hearing but arrived during Bachtold's testimony.

¶ 8 Bachtold testified G.D. had been in the custody of a foster parent, Maria S., for nearly two years. Maria S. was unmarried with a two-bedroom apartment wherein G.D. had her own room, which was safe and had appropriate toys. Bachtold stated G.D. was appropriately clothed and well-fed and Maria S.'s home was safe and secure for G.D. Bachtold explained Maria S. and G.D. shared a Hispanic ethnic background and the household was bilingual, though they primarily spoke Spanish. Bachtold observed G.D. was attached to Maria S. and placement with her was the least disruptive option for G.D. Bachtold testified G.D. was in a bilingual preschool and she was present for G.D.'s most recent parent-teacher conference, where she learned G.D. was doing well interacting with other children and had developed friendships. Bachtold stated Maria S. was willing to adopt G.D.

¶ 9 On cross-examination, Bachtold stated respondent still visited G.D. once a month. G.D. was excited to see respondent during visits, and respondent interacted well with G.D.

¶ 10 Respondent testified she did not want her parental rights terminated. Respondent stated she believed G.D. should be returned to her custody because Maria S. is not her family. Respondent testified she helped Maria S. with money, clothes, and food for G.D. Respondent stated she has a good relationship with G.D. and G.D. cries sometimes at the end of their visits together. Respondent stated G.D. loves her biological grandparents and respondent's sister.

¶ 11 After hearing the parties' arguments, the circuit court found by a preponderance of the evidence it was in G.D.'s best interests to terminate respondent's parental rights.

¶ 12 This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14          On appeal, respondent argues the circuit court erred in finding termination of her

parental rights was in G.D.'s best interests.  Respondent does not challenge the court's unfitness

finding; therefore, we confine our review to the best interests hearing.

¶ 15          "At the best-interest portion of a termination hearing, the State bears the burden of

proving by a preponderance of the evidence that termination of parental rights is in the child's

best interest." *In re J.B.*, 2019 IL App (4th) 190537, ¶ 31, 147 N.E.3d 953.  At this stage, the

focus shifts from the parent to the child, and "the parent's interest in maintaining the parent-child

relationship must yield to the child's interest in a stable, loving home life." *In re D.T.*, 212 Ill.

2d 347, 364, 818 N.E.2d 1214, 1227 (2004).  In making the best interests determination, the

court must consider the factors set forth in section 1-3(4.05) of the Juvenile Court Act (705 ILCS

405/1-3(4.05) (West 2022)).  These factors include the following:

              "(1) the child's physical safety and welfare; (2) the development of the child's

              identity; (3) the child's background and ties, including familial, cultural, and

              religious; (4) the child's sense of attachments, including love, security,

              familiarity, and continuity of affection, and the least-disruptive placement

              alternative; (5) the child's wishes; (6) the child's community ties; (7) the child's

              need for permanence, including the need for stability and continuity of

              relationships with parental figures and siblings; (8) the uniqueness of every family

              and child; (9) the risks related to substitute care; and (10) the preferences of the

              persons available to care for the child." *In re Jay. H.*, 395 Ill. App. 3d 1063, 1071

              (2009) (citing 705 ILCS 405/1-3(4.05) (West 2008)).

We will reverse the circuit court's best interests determination only if it is against the manifest

weight of the evidence. *J.B.*, 2019 IL App (4th) 190537, ¶ 33. "A best-interest determination is against the manifest weight of the evidence only if the facts clearly demonstrate that the trial court should have reached the opposite result." *J.B.*, 2019 IL App (4th) 190537, ¶ 33.

¶ 16 Respondent contends the circuit court's best interests determination was against the manifest weight of the evidence because respondent is capable of providing for G.D., the court improperly weighed the statutory best interests factors against her, and the court incorrectly viewed her move to New York negatively. Respondent argues no allegations were raised respondent was not providing G.D. with food, shelter, healthcare, and clothing. Respondent also argues "the State cannot maintain that the minor's physical safety and welfare cannot be met by the biological mother."

¶ 17 Respondent appears to misunderstand her burden on appeal. It was the State's burden at the best interests hearing. On appeal, however, the appellant bears the burden of establishing error. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1173, 890 N.E.2d 1220, 1222 (2008) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 132, 345 N.E.2d 493, 495 (1976)).

¶ 18 While respondent's arguments on appeal address many of the statutory best interests factors, respondent essentially asks this court to reweigh the evidence and arrive at a different conclusion, which is something we cannot do. See *In re S.M.*, 314 Ill. App. 3d 682, 687, 732 N.E.2d 140, 144 (2000) (noting "[t]he reviewing court does not reweigh the evidence or reassess the credibility of the witnesses").

¶ 19 Respondent argues the circuit court incorrectly viewed her move to New York negatively even though moving allowed respondent to be closer to family, obtain legal employment, and maintain a stable residence, all while participating with court-ordered services,

cooperating with DCFS, and demonstrating extraordinary effort by traveling back to Illinois to see G.D. monthly.

¶ 20     Respondent's arguments on appeal mainly focus on her condition and efforts, which at the best interests stage yield to the condition and needs of G.D. *D.T.*, 212 Ill. 2d at 364, 818 N.E.2d at 1226. The court was tasked with determining what was in the best interests of G.D. The evidence showed G.D. was in a loving, caring, and stable environment free of violence with Maria S. for nearly two years. Maria S. provided G.D. with safety, childcare, food, and shelter. G.D.'s community ties with Maria S. and her preschool are evident from the record. Maria S. had developed a bond with G.D. and was willing to adopt her.

¶ 21     Because the evidence does not clearly lead us to the opposite conclusion reached by the circuit court, its best interests determination was not against the manifest weight of the evidence.

¶ 22                    III. CONCLUSION

¶ 23     For the reasons stated, we affirm the circuit court's judgment.

¶ 24     Affirmed.