NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 200037-U

NOS. 4-20-0037, 4-20-0038, 4-20-0168 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 25, 2021
Carla Bender
4th District Appellate
Court, IL

| | |
|---|---|
| *In re* SEARCH WARRANT | ) |
| | ) Appeal from the |
| (Mattoon Police Department, | ) Circuit Court of |
|     Petitioner-Appellee, | ) Coles County |
|      v. (No. 4-20-0037, No. 4-20-0038) | ) Nos. 19MR312 |
| Todd Reardon, | )     19MR313 |
|     Respondent-Appellant). | ) |
| _____ | ) |
| | ) |
| TODD M. REARDON SR., Individually and on Behalf | ) |
| of His Former and Current Clients, | ) |
|     Plaintiff-Appellant, | ) |
|      v. (No. 4-20-0168) | ) |
| THE PEOPLE OF THE STATE OF ILLINOIS | )   No. 19CH45 |
| (Including the City of Mattoon, Its Police Department | ) |
| Officers and Detectives Including but Not Limited to | ) |
| Jason Taylor, Michael Johnson, Sam Gaines, Ryan | ) |
| Hurst, Alex Hess, John Hedges, Any Other | ) |
| Prosecutorial Agency That May Be Appointed | ) |
| Including the Illinois Attorney General, and the Illinois | ) |
| Appellate Prosecutor Conflicts Division), | ) Honorable |
|     Respondent-Appellee. | ) Thomas M. O'Shaughnessy, |
| | ) Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because it is impossible to grant effectual relief in this appeal, the appellate court granted the State's motion to dismiss the appeal as moot.

¶ 2        In these consolidated appeals, appellant, Todd Reardon, challenged the trial court's orders (1) denying his petition to intervene (Coles County case Nos. 19-MR-312 and 19-MR-313) and (2) dismissing his complaint for injunctive relief (Coles County case No. 19-CH-45). Because these appeals are moot, we grant the State's motion to dismiss.

¶ 3                                I. BACKGROUND

¶ 4        On August 26, 2019, as part of an investigation of subornation of perjury, the Mattoon Police Department filed two complaints for a search and seizure warrant in Coles County case Nos. 19-MR-312 and 19-MR-313. The complaints were supported by Detective Michael Johnson's affidavit. The police asked to search appellant's residence and office and to seize any cellular telephone found. The trial court issued the warrants on the facts, finding sufficient probable cause. Thereafter, appellant voluntarily surrendered his cellular telephone.

¶ 5        On August 26, 2019, appellant, who is a licensed attorney, filed a petition for emergency, preliminary, and permanent injunctive relief, claiming his cellular telephone contained privileged content relating to current and former clients (Coles County case No. 19-CH-45). He sought to enjoin the State from viewing or downloading any content from his phone and challenged the issuance and validity of the warrants. On September 9, 2019, the chancery court, the Honorable Thomas O'Shaughnessy presiding, dismissed appellant's complaint, finding it lacked jurisdiction as a court in equity to interfere with the investigation and prosecution of a criminal matter.

¶ 6        On October 25, 2019, appellant filed a petition to intervene in Coles County case Nos. 19-MR-312 and 19-MR-313 (the search warrant proceedings), claiming the warrant and the search and seizure of his cellular telephone violated his constitutional rights. On December 20, 2019, the trial court, the Honorable Thomas O'Shaughnessy presiding, denied appellant's petition, finding it was without authority to grant the relief requested. The court stated it "found no statutory

or case authority, nor has [appellant] here provided the court statutory or case law that would allow [a] person upon whom a search warrant is served to intervene [in] the underlying search warrant proceeding." These consolidated appeals followed.

¶ 7                                    II. ANALYSIS

¶ 8            In his appeal, appellant challenges the trial court's denial of his (1) petition for injunctive relief, where he had asked the State to return his phone before searching its contents, and (2) petition to intervene, where he sought to challenge the issuance and validity of the warrants. In its motion to dismiss the appeal as moot, the State asserts appellant's requested relief has either already been granted or is impossible to provide. According to the State, the following events have occurred since the filing of these appeals: (1) appellant has since agreed to the search of his phone with a certain search protocol in place to protect any attorney-client privilege, (2) the search was conducted pursuant to those protocols and appellant's cellular telephone was returned to him, and (3) the State has declined to file charges against appellant. Considering these events, the State argues, it would be impossible for this court to grant appellant any effectual relief and that no exception to the mootness doctrine applies. In his response, appellant does not dispute the above events have transpired but he insists, despite mootness, this court should consider his appeal pursuant to the public-interest exception. We agree with the State.

¶ 9            An appeal is moot if "the occurrence of events since filing of the appeal makes it impossible for the reviewing court to render effectual relief." *People v. Jackson*, 199 Ill. 2d 286, 294 (2002). "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). "An appeal is moot when it involves no actual controversy or the reviewing court cannot grant the complaining party

effectual relief." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). It would be impossible to grant effectual relief in this appeal when (1) the search warrants were issued and executed, (2) the cellular telephone was searched with appellant's consent, (3) the cellular telephone has been returned to appellant's possession, and (4) appellant has not been charged with any crime as a result of the search.

¶ 10 Nevertheless, appellant claims the public-interest exception to the mootness doctrine applies. "[The supreme] court has recognized an exception to the mootness doctrine when the question involved is of a public nature, the circumstances are likely to recur, and an authoritative determination for the future guidance of public officers is desirable." *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999). The public-interest exception allows for review of an otherwise moot issue when the magnitude of the interests involved warrants action by the court. *In re Shelby R.*, 2013 IL 114994, ¶ 16. The exception is narrowly construed and requires a clear showing of each criterion. *In re Alfred H.H.*, 233 Ill. 2d 345, 355-56 (2009).

¶ 11 This appeal presents none of the above qualities. For example, should an individual seek to challenge the issuance and/or execution of a search warrant, he may do so by filing a motion to suppress in the resulting criminal proceedings or a complaint in a separate civil-rights action. A search-warrant proceeding generally encompasses only the application for the warrant and the court-ordered warrant, leaving no means within which to challenge the warrant itself. Further, we can discern no scenario, given the clear status of the applicable law and the proceedings that govern such actions, where a question of public interest of such a magnitude is aroused that would require court action here. In other words, the law is clear that neither a petition to intervene in a search-warrant proceeding nor an order entered by a chancery court enjoining certain conduct in a criminal investigation would be of substantial public interest, would be likely to recur, or

would demand an authoritative response from this court for future guidance. Thus, absent an applicable exception to the doctrine of mootness, a moot appeal must be dismissed. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 21.

¶ 12                                              III. CONCLUSION

¶ 13          Because this appeal is moot, we grant the State's motion and dismiss the appeal.

¶ 14          Appeal dismissed.