NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200311-U

NO. 4-20-0311

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* SUBPOENA *DUCES TECUM* TO FACEBOOK | ) | Appeal from |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Coles County |
| Plaintiff-Appellee, | ) | No. 19MR402 |
| v. | ) | |
| Thomas Reardon Sr., | ) | Honorable |
| Intervenor-Appellant). | ) | Thomas M. O'Shaughnessy, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, concluding the trial court did not err by denying the
motion to quash subpoena.

¶ 2     In October 2019, the clerk of the Coles County circuit court issued a subpoena

*duces tecum* directing Facebook to furnish various records associated with the account of Todd

M. Reardon Sr., an attorney licensed to practice law in the State of Illinois.  In November 2019,

Reardon filed a petition to intervene and a motion to quash the subpoena.  In June 2020, the

circuit court entered an order denying the motion to quash the subpoena.

¶ 3     Reardon appeals, arguing the trial court erred by (1) denying the motion to quash

under the fourth amendment to the United States Constitution, (2) denying the motion to quash

under article one of the Illinois Constitution, (3) determining the subpoena *duces tecum* was

properly issued, and (4) asserting Reardon received notice of the subpoena.  Finally, Reardon

asserts mootness is not applicable in this case. For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        An October 10, 2019, docket entry noted the clerk of Coles County circuit court issued a subpoena *duces tecum*. The subpoena commanded Facebook to furnish records regarding Reardon's account, including "information pertaining to basic subscriber information such as name, physical address, email address, and telephone number(s) and any stored Facebook Messenger content and all Facebook call logs for the date range of April 25, 2019[,] to September 9, 2019." Also, the subpoena required Facebook, Inc. to appear, with the requested records, at the Coles County courthouse, courtroom 1, at 9 a.m. on October 28, 2019. However, the subpoena did authorize compliance by delivery of the requested records in document or digital format to the clerk of the court.

¶ 6        In November 2019, Reardon filed a petition to intervene and a motion to quash the subpoena. During a February 2020 status hearing, the trial court ordered all records produced by Facebook and held by the Coles County circuit clerk sealed, prohibiting any release absent a court order. During a March 2020 hearing, the trial court allowed Reardon's petition to intervene.

¶ 7        During the same March 2020 hearing, the state's attorney clarified the subpoena *duces tecum* was issued at the request of the State on behalf of a lieutenant with the Mattoon Police Department. The subpoena related to cases against other individuals being prosecuted by the state's attorney's office. The subpoena was not issued in the other cases and was not returnable in the other cases. The state's attorney explained, "Because of the sensitive nature that we were aware of, we wanted to direct it specifically to the clerk's office and I think that's

what was done here." The record indicates the subpoena was aimed at possible communications between Reardon and individuals with whom he had no attorney-client privilege. However, the Facebook records also contained possible protected communications. The court asked the parties to provide additional written authorities and argument on the issue of whether to quash the subpoena.

¶ 8　　　　　　In June 2020, the trial court entered a written order denying the motion to quash the subpoena. The court concluded the subpoena fell within the subpoena exception to warrantless searches. The court reserved the State's motion for the release of the records.

¶ 9　　　　　　This appeal followed.

¶ 10　　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　　　As an initial matter, we note no appellee's brief has been filed on appeal. The failure to file an appellee's brief does not require automatic reversal, and Reardon bears the burden of establishing error. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1173, 890 N.E.2d 1220, 1223 (2008). This court need not search the record for the purpose of sustaining the trial court's judgment, but it may do so if justice so requires. *Id.* When the record is simple and the alleged errors can be easily decided without the aid of an appellee's brief, this court can decide the appeal on its merits. *Id.* at 1173-74.

¶ 12　　　　　　On appeal, plaintiff argues the trial court erred by (1) denying the motion to quash under the fourth amendment to the United States Constitution, (2) denying the motion to quash under article one of the Illinois Constitution, (3) determining the subpoena *duces tecum* was properly issued, and (4) asserting plaintiff received notice of the subpoena. Finally, Reardon asserts mootness is not applicable in this case.

¶ 13    The fourth amendment to the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const., amend. IV. The Illinois Constitution also guarantees the right of the people to be secure in their persons, houses, papers, and other possessions against unreasonable searches and seizures. Ill. Const. 1970, art. I, § 6. The Illinois Supreme Court has interpreted the search and seizure provisions in section six consistent with the fourth amendment jurisprudence of the United States Supreme Court. *People v. Pitman*, 211 Ill. 2d 502, 513, 813 N.E.2d 93, 101 (2004). Warrantless searches are generally considered unreasonable unless they fall within a specific exception. *Id.*

¶ 14    Here, the trial court determined the state's attorney was authorized to seek a subpoena while conducting investigations. See 55 ILCS 5/3-9005(b) (West 2018). Moreover, the use of a subpoena *duces tecum* is a classic method for compelling the production of documents in a criminal case, and courts have recognized a subpoena exception to the prohibition against warrantless searches. *People v. Nohren*, 283 Ill. App. 3d 753, 759-60, 670 N.E.2d 1208, 1212 (1996). Under the circumstances of this case, the subpoena was returnable directly to the court and not to the party who caused the subpoena to issue. *People v. Wilson*, 164 Ill. 2d 436, 458, 647 N.E.2d 910, 921 (1994). The court is then tasked with resolving issues of relevance, materiality, and privilege, in addition to claims of unreasonableness or oppressiveness prior to allowing the moving party to view the material. This opportunity for judicial examination of the material, along with the opportunity to challenge the subpoena, is one justification for the subpoena exception to fourth amendment probable cause requirements. *People v. Smith*, 259 Ill. App. 3d 492, 503, 631 N.E.2d 738, 745 (1994).

¶ 15        Here, there is no impropriety where the State properly made the subpoenaed materials returnable to the trial court and allowed compliance by delivery of the records to the circuit clerk. The court sealed the subpoenaed documents and reserved the State's motion to release the records until a full hearing on the issue could be held. On appeal, Reardon argues the Mattoon Police Department, not the State, caused the subpoena to issue. Reardon has forfeited this claim by failing to object at the hearing when the state's attorney asserted one of his assistants in fact caused the subpoena to issue. See *People v. Herron*, 215 Ill. 2d 167, 175, 830 N.E.2d 467, 472 (2005). Moreover, Reardon never raised this issue in a postjudgment motion. *Id.* Similarly, Reardon never raised his various claims regarding the statutory authority for the issuance of this subpoena before the trial court. Reardon does not ask for plain-error review of these issues.

¶ 16        The trial court further found the State notified plaintiff of the issuance of the subpoena. On appeal, Reardon argues the State did not provide him with notice of the subpoena and argues the subpoena should be quashed on this basis. However, Reardon failed to raise this argument before the trial court and, thus, has forfeited review of the issue on appeal. *Id.*

¶ 17        Under the circumstances of this case, where the State sought a subpoena for documents that possibly contained privileged material and had the subpoena returnable to the trial court, we conclude the trial court did not err in determining that the process did not violate defendant's constitutional rights. We note the trial court reserved the issue of whether to release the documents to the State, and our decision has no bearing on that determination. We merely hold the process followed in this case, namely the State seeking a subpoena returnable to the trial court where Reardon had the opportunity to challenge the subpoena, did not violate Reardon's constitutional rights. Moreover, we note that in a related case involving the State's investigation

into individuals other than Reardon, the State sought a search warrant for Reardon's cell phone. See *In re Search Warrant*, 2021 IL App (4th) 200037-U, ¶ 4. In that case, this court determined Reardon's appeal was moot because, in part, the State declined to file charges against Reardon. *Id.* ¶ 9. The record in this case is insufficient to determine whether the appeal in this matter is similarly moot because the outcome of the hearing on the State's motion to release the records is unknown to this court. Nonetheless, based on the limited facts and posture of this case, we conclude the trial court did not err in denying Reardon's motion to quash the subpoena.

¶ 18                                      III. CONCLUSION

¶ 19            For the reasons stated, we affirm the trial court's judgment.

¶ 20            Affirmed.